BEXAR COUNTY CRIMINAL DISTRICT ATTORNEY'S OFFICE and The Texas Department of Public Safety, Appellant,

v.

S.F. MAYO, Appellee.

No. 04–88–00261–CV.

Court of Appeals of Texas, San Antonio.

May 31, 1989.

Rehearing Denied July 17, 1989.

Christian Joe Gros, Asst. Crim. Dist. Atty., San Antonio, for appellant.

Robert A. Valdez, John D. Wennermark, San Antonio, for appellee.

Before CADENA, C.J., and CHAPA and PEEPLES, JJ.

OPINION

PEEPLES, Justice.

This case involves the expunction of appellee Mayo's arrest record pursuant to TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon Supp.1989). After a nonjury hearing the trial court granted Mayo's petition for expunction. Although no statement of facts was filed with this court, we do have before us the trial court's findings of fact and conclusion of law, which reveal that the court based its decision entirely on an interpretation of a statute. For the reasons stated below, we reverse and render judgment denying the petition for expunction.

On October 1, 1985, Mayo was arrested and charged with Class B misdemeanor theft. She pleaded guilty and was granted deferred adjudication probation on October 29, 1985, pursuant to TEX.CODE CRIM. PROC.ANN. art. 42.13 (Vernon 1979). On June 13, 1986, after satisfactory completion of the probationary period, the information charging Mayo with theft was dismissed.

On February 19, 1988, Mayo filed a petition for expunction of this theft matter from her records. After a hearing on March 24, 1988, the court granted her petition for expunction.

TEX.CODE CRIM.PROC.ANN. art. 55.01 provides that a person who has been arrested is entitled to have the records and files relating to the arrest expunged if each of several conditions is proved.[1] The trial court found that each of article 55.01's requirements had been met. Even though Mayo admittedly received court-ordered supervision under article 42.13, the court reasoned in its sole conclusion of law that expunction was proper because article 42.13 had been repealed, effective September 1, 1987. That conclusion of law reads as follows: "1. Petitioner Mayo, having received probation pursuant to article 42.13, is entitled to an expunction, article 42.13 having been repealed effective September 1, 1987." The State admits all of the statutory conditions were proved except the requirement that "there was no court ordered supervision under article 42.13."

■ At the outset, we must decide a procedural issue raised by Mayo. She points out that the State did not file a statement of facts and contends that this limits our review, requiring us to indulge every reasonable presumption in her favor. It is true that the appellant has the burden of bringing forward a statement of facts and that, ordinarily, in the absence of a statement of facts we must assume the evidence supports the judgment. *Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (Tex.

1987); *The Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968).

But that rule does not apply when the judgment rests on an erroneous application of the law to the undisputed facts. In such cases, we may review the correctness of the legal conclusions. *Baumann v. Willis*, 721 S.W.2d 535, 536 (Tex.App.—Corpus Christi 1986, no writ); *Edwards v. Edwards*, 534 S.W.2d 740, 741 (Tex.Civ.App.—Austin 1976, no writ); *Mial v. Mial*, 543 S.W.2d 736, 737 (Tex.Civ.App.—El Paso 1976, no writ); 4 R. McDonald, Texas Civil Practice § 16.10, at 35 (1984 rev.). Erroneous conclusions of law are not binding on an appellate court. *LaChance v. Hollenbeck*, 695 S.W.2d 618, 622 (Tex.App.—Austin 1985, writ ref'd n.r.e.); *Klein v. Cain*, 676 S.W.2d 165, 172 (Tex.App.—Amarillo 1984, no writ); *Bantuelle v. Williams*, 667 S.W.2d 810, 818 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). Since the trial court obviously based its decision on a single legal ruling, failure to bring a statement of facts is not fatal to the appeal, and we will consider the State's challenge to the trial court's legal conclusion.

■ In his only conclusion of law, the trial court expressly concluded that Mayo "[had] received probation pursuant to Article 42.13." But the court ruled that she was still entitled to expunction because that article had been repealed prior to the expunction hearing. We believe this is an incorrect statement of the legal effect of the repeal of article 42.13 as applied in expunction proceedings pursuant to article 55.01. Where one statute incorporates an-

---

1. The statute in question reads as follows:

    Article 55.01 Right to Expunction

    A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged *if each of the following conditions exist:*

    (1) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar rea-

    son indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

    (2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and *there was no court-ordered supervision under Article 42.13, Code of Criminal Procedure,* 1965, as amended, nor a conditional discharge under Section 4.12 of the Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes); and

    (3) he has not been convicted of a felony in the five years preceding the date of the arrest.

    TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon Supp.1989) (emphasis added).

other by reference, and the one incorporated is thereafter amended or repealed, the scope of the incorporating statute remains intact. *Falkner v. Allied Finance Co.,* 394 S.W.2d 208, 214 (Tex.Civ.App.—Austin), *writ ref'd. n.r.e. per curiam,* 397 S.W.2d 846 (Tex.1965). 2A *SUTHERLAND, STATUTORY CONSTRUCTION* § 51.08 (4th ed. 1984). Article 42.13 was in effect when Mayo completed her court-ordered supervision and the charge against her was dropped. The repeal of the statute did not erase the fact that she was placed under court-ordered supervision.

Mayo was required to meet all the statutory requirements of Article 55.01 to be entitled to have her arrest record expunged. A court may expunge records only when each of article 55.01's requirements has been proved. *Harris v. State,* 733 S.W.2d 710, 711–712 (Tex.App.—San Antonio 1987, no writ); *Texas Department of Public Safety v. Wiggins,* 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ); *Meyers v. State,* 675 S.W.2d 798, 799 (Tex. App.—Dallas 1984, no writ). Article 55.01 states very plainly that an arrestee may have his records expunged "if each of the following conditions exist: . . ." Since she was subject to court-ordered supervision under article 42.13, Mayo did not meet her burden under article 55.01 and was not entitled to have her records expunged.

■ One further issue remains. Mayo argues that the State is bound by the expunction order because the assistant district attorney's signature indicates that she approved it. The word "Approved" appears at the end of the expunction order, followed by the signatures of counsel. A party may not attack a judgment to which he has agreed, absent allegation and proof of fraud, collusion, or misrepresentation. *Charalambous v. Jean LaFitte Corp.,* 652 S.W.2d 521, 525 (Tex.App.—El Paso 1983, writ ref'd n.r.e.); *Hosey v. First National Bank,* 595 S.W.2d 629, 630 (Tex.Civ.App.— Corpus Christi 1980, writ dism'd). Here the question is whether a lawyer whose

signature indicates "Approved" has agreed and consented to the judgment or approved it as to form only. One who approves a judgment as to form does not thereby give up the right to appeal. *See Sigma Systems Corp. v. Electronic Data Systems Corp.,* 467 S.W.2d 675, 677 (Tex.Civ.App.— Tyler 1971, no writ). He simply indicates that the written judgment accurately sets forth the court's ruling; he may disagree with that ruling and may want to appeal it.

■ We cannot agree that the word "Approved," with nothing more, indicates a consent judgment and a voluntary relinquishment of the right to appeal. Nothing in the body of the judgment suggests that the case had been settled or that judgment was rendered by consent. There are no other indications of agreement in the record.

Consent must be explicitly and unmistakably given. The notation "Approved," standing alone, is too indefinite to justify declaring as a matter of law that a judgment is a consent judgment. *Hill v. Bellville General Hospital,* 735 S.W.2d 675, 678 (Tex.App.—Houston [1st Dist.] 1987, no writ). We hold that when an attorney's signature indicates "Approved" he has simply approved the judgment as to form only, unless other language in the judgment indicates that the substance of the judgment was also agreed.[2] The better practice is to remove all uncertainty by stating "Approved as to Form Only" or "Approved and Agreed" or "Approved as to Form and Substance." Because the State did not agree to the order, it was entitled to bring this appeal.

For the reasons stated, Mayo's petition for expunction should have been denied. The judgment of the trial court is reversed, and judgment is rendered denying the petition for expunction.

---

**2.** For example, the judgment might be entitled "Agreed Judgment," or it might recite that the

parties had compromised and settled the matter.