**TEXACO, INC., Texaco Exploration & Production Inc., formerly Texaco Producing, Inc., and John Melvin Weaver, Appellants,**

v.

**Margaret SHOUSE, et al., Appellees.**

**No. 08–93–00184–CV.**

Court of Appeals of Texas,
El Paso.

March 16, 1994.

William B. Browder, Jr., Marc L. Skeen, Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, for appellants.

Dana Kirk, Law Offices of Dana G. Kirk, Houston, for appellees.

Before BARAJAS, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

KOEHLER, Justice.

In a suit for a declaratory judgment and other relief, including an accounting, damages and injunctive relief, Appellees (Plaintiffs in the court below) pled several causes of action, all of which were dependent on the meaning of one paragraph in an oil and gas "unitization agreement" entered into by and between the parties to this suit. Both parties moved for summary judgment. The trial court granted Appellees' motion by declaring what it concluded to be the proper meaning of the disputed paragraph of the agreement and denied Appellants' motion except as to Appellees' cause of action for breach of fiduciary duty, declaring in effect that the agreement did not give rise to a fiduciary duty. Following a severance of the liability issues from the damage issues, Appellants perfected this appeal contending in twelve points of error that the trial court erred in its interpretation of the meaning of the disputed paragraph and in denying most of Appellants' motion for summary judgment. We dismiss the appeal for lack of jurisdiction because the summary judgment and severance orders failed to create a final, appealable judgment.

## FACTS

Margaret Shouse and a number of other individuals and entities (Appellees) are the owners or claimed owners of various interests in the oil and gas produced from wells located on several tracts of land covered by oil and gas leases within the boundaries of the 6,750 acre Fort Stockton South Unit (FSSU), in Pecos County, Texas. Texaco, Inc. (Texaco) is and has been the operator of FSSU since the tracts were unitized by agreement in 1964.

Appellees filed suit against Texaco contending that the FSSU agreement unitized only that part of a subsurface formation known as the Yates Formation located between the depths of 2,650 feet and 3,005 feet and that Texaco had been wrongfully producing oil and gas from wells drilled below 3,005 feet, paying royalties to the owners on their lower FSSU participation percentages rather than on their larger individual interests. In their suit, Appellees alleged various causes of action, including negligence, breach of duty, conversion, breach of lease contract, trespass, fraud, breach of the duty of good faith and fair dealing, and conspiracy. Texaco answered with a general denial and thereafter both parties moved for summary judg-

ment. In Appellees' motion, the only relief requested was that the court find as a matter of law, and order, that the formation below 3,005 feet within surface boundary of the FSSU was not unitized by the agreement. On the other hand, Texaco asked for a judgment declaring that the entire Yates formation within the FSSU surface area, not just that part of the formation between 2,650 feet and 3,005 feet, was unitized by the agreement. In addition, Texaco requested the court to declare that Texaco had not committed the various acts alleged against it and that therefore Appellees were not entitled to recover under any of the various causes of action.

Following a hearing on the competing motions for summary judgment, the court in an order dated May 20, 1992, found that the unitized area under the FSSU agreement was limited to the area between 2,650 feet and 3,005 feet and granted Appellees' motion. The trial court then granted Texaco's motion only as to Appellees' claims for breach of fiduciary duty and denied its motion "in all other respects." Sometime later, Texaco moved for a severance, alleging in support that:

> [A] severance of the liability issues, existing in this case, which are legal in nature, from the damage issues, which are inherently factual in nature, pursuant to Rule 41, Texas Rules of Civil Procedure; so that, a final, appealable judgment as to those legal issues can now be rendered. Alternatively, if the court concludes that it is inappropriate to sever all of the indicated liability issues, at least the declaration of the meaning of the 'Unitized Formation' clause of the Fort Stockton South Unit Agreement, the controlling issue of the case, should alone be severed so as to constitute a final judgment.

The court granted the motion, ordering that the issues in the original suit be limited to the damages issues and severing into the instant case on appeal "[a]ll other issues, being liability issues ruled upon in the Court's Order of May 20, 1992, . . . ."

## JUDGMENT ON APPEAL LACKS FINALITY

■ The question here is not whether the severance itself was proper or if not, waivable, as strongly urged by Texaco and concurred in by Appellees. The question is, rather, whether all of the issues of the original suit which were severed therefrom by the trial court's severance order were disposed of by the summary judgment of May 20, 1992, so that it is a final judgment for purposes of this appeal. It has long been the law that a final summary judgment is appealable, but for such a judgment to be final, it must dispose of all issues and parties. *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984); *Jackson v. Coldspring Terrace Property Owners Association,* 838 S.W.2d 320, 322 (Tex.App.—El Paso 1992, no writ). A summary judgment that does not expressly dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the suit, and only that phase, decided by the summary judgment is ordered by the court. *City of Beaumont v. Guillory,* 751 S.W.2d 491, 492 (Tex.1988). In the absence of a proper severance of only that phase of the suit decided by the summary judgment, the party against the interlocutory judgment has been rendered has his right of appeal when and not before the partial summary judgment is merged in a final judgment disposing of all parties and issues in the severed part of the case. *City of Beaumont,* 751 S.W.2d at 492.

■ Appellees in their summary judgment motion requested a judgment which would simply declare that the agreement unitized only that portion of the Yates formation located between 2,650 feet and 3,005 feet. Their motion requested nothing more. The trial court obliged by granting Appellees' motion. It then not only denied Texaco's motion for a contrary interpretation but went further and denied Texaco a summary judgment in its favor on all causes of action asserted by Appellees except the breach of fiduciary duty cause, which request the court granted. With respect to the motion for severance, had the court followed Texaco's alternative request and merely severed the court's action in declaring the meaning of the "Unitized Formation" clause and granting Appellees' motion, we would have a final judgment, ripe for appellate consideration. However, by the severance order actually

made, the court included in the severed portion now on appeal a number of unadjudicated causes of action as well as the legal question of whether the court arrived at the correct meaning of the clause under consideration. Thus, there is no question that we are faced with a partial, interlocutory summary judgment because it does not dispose of all of the issues in the case on appeal.

The cases of *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76 (1959) and *Schieffer v. Patterson,* 433 S.W.2d 418 (Tex.1968), relied upon by Texaco on the question of jurisdiction, are not in point since they deal only with the question of whether an improper severance can be waived rather than the question of whether all of the parties and issues in the severed portion have been disposed of so that the summary judgment is a final appealable order. In other words, it is not the propriety of the severance of all of the liability issues from the damage issues that is in question, but it is rather the fact that all of the liability issues now before us were not disposed of by the summary judgment that deprives this Court of jurisdiction.

 Because jurisdiction is fundamental, a court of appeals is required, *sua sponte,* to determine whether it has jurisdiction. *H.E. Butt Grocery Co. v. Bay, Inc.,* 808 S.W.2d 678, 679 (Tex.App.—Corpus Christi 1991, writ denied); *Zoning Board of Adjustment of the City of Lubbock v. Graham & Assoc., Inc.,* 664 S.W.2d 430, 433 (Tex.App.—Amarillo 1983, no writ). While the parties would like us to consider and rule on the points of error dealing with the construction of the "Unitized Formation" clause and, assuming we rule in Appellees' favor, remand the open liability questions for determination in the trial court, this we cannot do. Appellate jurisdiction cannot be created by the court or the litigants by consent, stipulation, or waiver. *Welder v. Fritz,* 750 S.W.2d 930, 932 (Tex.App.—Corpus Christi 1988, no writ).

Having concluded that the judgment in question is interlocutory, we dismiss the appeal for want of jurisdiction.