IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-447-CV





GLENNA KOURY,



 APPELLANT


vs.





TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES,


JESSICA MAE BAKER, JOSHUA TIMOTHY BAKER, AND JULI J. BAKER,



 APPELLEES




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 91-5807, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING



 





PER CURIAM


 Appellant Glenna Koury has perfected an appeal (1) from the order of the district
court of Travis County terminating the parent-child relationship between her and her three
children. See Tex. Fam. Code Ann. § 15.02 (West Supp. 1994). The termination decree appoints
appellee Texas Department of Protective and Regulatory Services ("TDPRS") the children's
permanent managing conservator and provides Koury an annual two-hour visit with them. 
Appellees (2) have filed a motion to dismiss the appeal on the basis that Koury waived her right to
appeal by agreeing to the judgment. We will grant the motion and dismiss the appeal.

 A party cannot appeal from or attack a judgment to which she has consented or
agreed absent an allegation and proof of fraud, collusion, or misrepresentation. First Am. Title
Ins. Co. v. Adams, 829 S.W.2d 356, 364 (Tex. App.--Corpus Christi 1992, writ denied); Gillum
v. Republic Health Corp., 778 S.W.2d 558 (Tex. App.--Dallas 1989, no writ). "Having consented
to [the] action of the court in entering judgment, [s]he thereby waives all errors committed or
contained in the judgment, thus having nothing which could properly be considered by an
appellate court, except want of jurisdiction." Gillum, 778 S.W.2d at 562. A consent judgment
has the "same degree of finality and binding force as one rendered by a court at the conclusion
of adversary proceedings." Barrientes v. Harlandale Indep. Sch. Dist., 764 S.W.2d 28, 29 (Tex.
App.--San Antonio 1989, writ denied).

 Here, the several attorneys, including Koury's, signed the termination decree,
"APPROVED AS TO FORM"; Koury signed, "APPROVED AS TO FORM AND
SUBSTANCE." The termination decree also states, "The Court . . . finds that the parties have
agreed to the following provisions regarding visitation in consideration of Glenna Koury's waiver
of any right to appeal this Order." The quoted provisions suggest two bases precluding appeal: 
(1) Koury agreed to the substance of the entire decree and (2) she expressly waived any appeal
in exchange for the visitation provision.

 To have a consent judgment, a party must explicitly and unmistakenly give consent. 
Adams, 829 S.W.2d at 364; Bexar County Criminal Dist. Attorney's Office v. Mayo, 773 S.W.2d
642, 644 (Tex. App.--San Antonio 1989, no writ). In some instances, the phrase "approved as to
form and substance" standing alone may not show a voluntary relinquishment of the right to
appeal. See Adams, 829 S.W.2d at 364; but see Mayo, 773 S.W.2d at 644 (to show that parties
agree to substance of judgment better practice is to use language such as "Approved as to Form
and Substance"). However, the termination decree includes language that Koury expressly waived
appeal in exchange for the visitation provision.

 Koury asserts that "parties cannot by agreement oust jurisdiction of the Courts
where it otherwise properly lies." Clearly, parties may not obtain an appeal simply by agreement. 
See Gillum, 778 S.W.2d at 562 (parties' agreement for rendition of judgment "in order that
litigation can become final for purposes of appeal" did not permit appeal from agreed judgment);
Posey v. Plains Pipe Line Co., 39 S.W.2d 1100, 1100-01 (Tex. Civ. App.--Amarillo 1931, no
writ) (party cannot appeal consent or agreed judgment even though parties have attempted to
reserve right to appeal); see also Hogan v. G., C.&S.F. Ry. Co., 411 S.W.2d 815, 816 (Tex. Civ.
App. 1966, writ ref'd); Texaco, Inc. v. Shouse, 877 S.W.2d 8, 11 (Tex. App.--El Paso 1994, no
writ) (litigants cannot create appellate jurisdiction by consent, stipulation, or waiver). Courts
have, however, consistently recognized and applied the principle that a party may waive a right
to complain of any error by appeal. See, e.g., Johnson v. Halley, 27 S.W. 750, 751 (Tex. Civ.
App. 1894, writ ref'd); Urbanczyk v. Urbanczyk, 634 S.W.2d 34 (Tex. App.--Tyler 1982, no writ)
(agreed order as to conservatorship of parties' children); Skidmore v. Glenn, 781 S.W.2d 672
(Tex. App.--Dallas 1989, no writ) (agreed judgment on motion to modify visitation); see also Tex.
R. App. P. 59(1)(A) (appellate court may dismiss appeal in accordance with parties' agreement).

 Koury next argues that the waiver of appeal violates public policy because the
waiver does not comply with section 15.03 of the Family Code. That section provides for an
affidavit of voluntary relinquishment of parental rights and sets out the requirements of the
affidavit. Tex. Fam. Code Ann. § 15.03 (West 1986 & Supp. 1994). However, the court did not
terminate parental rights based on an affidavit but on its finding, based on clear and convincing
evidence, that termination was in the children's best interest. (3) See Tex. Fam. Code Ann. §
15.02(a)(2) (West Supp. 1994). The court also found that Koury knowingly placed or knowingly
allowed the children to remain in conditions or surroundings that endangered their physical or
emotional well-being and engaged in conduct or knowingly placed the children with persons who
engaged in conduct that endangered the children's physical or emotional well-being. See Tex.
Fam. Code Ann. § 15.02(1)(D), (E) (West Supp. 1994). Accordingly, section 15.03 does not
apply to this proceeding.

 Koury next suggests that the agreement is against public policy because she has
waived her right to litigate. The question of termination has, however, been litigated. Koury did
not waive litigation of the matter; she agreed not to appeal the order. Koury presents no
authority, and we find none, for the proposition that a party may not waive the right, if any, to
an appeal.

 Accordingly, we grant appellees' motion to dismiss the appeal and dismiss the
appeal.


Before Justices Powers, Aboussie and B. A. Smith

Appeal Dismissed on Appellees' Motion

Filed: November 23, 1994

Do Not Publish

1. [1]  Koury filed an affidavit of inability to pay the costs of appeal or give security therefor;
TDPRS contested the affidavit. Tex. R. App. P. 40(a)(3)(A), (C). Having determined that Koury
could pay a portion of the costs, the trial court sustained the contest and set $200 as the amount
of the appeal bond or cash deposit in lieu of bond. Tex. R. App. P. 40(a)(3)(E), (F). Koury
timely made a cash deposit in the amount of $200. Tex. R. App. P. 41(a)(2). Nevertheless, the
trial court denied her a free statement of facts based on the court's determination that the appeal
might be dismissed because Koury waived her right to appeal and that "no legal or factual basis
for sustaining her challenge to the decree [exists] and her appeal is frivolous." Koury has
challenged this order in a separate mandamus proceeding.
2. [2]  Appellees are the Texas Department of Protective and Regulatory Services ("TDPRS") and
the three children, who appear through their attorney ad litem.
3. [3]  In her response to the motion to dismiss, Koury states that the trial court announced its
decision after a three-day trial and that the parties reached their agreement after this trial.