IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-94-150-CV




CHARLENE H. JORDAN,



 APPELLANT


vs.





DEITCH & HAMILTON, P.C.,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY



NO. 2598, HONORABLE ROBERT F. B. MORSE, JUDGE PRESIDING



 




PER CURIAM



 Appellant Charlene H. Jordan perfected an appeal to this Court from a final
summary judgment in a suit on a sworn account in favor of appellee Deitch & Hamilton, P.C. 
See Tex. R. Civ. P. 185. Because she filed a request for findings of fact and conclusions of law,
Jordan relied on the extended appellate timetable set out in Texas Rule of Appellate Procedure
41(a). Nevertheless, we must dismiss the appeal for want of jurisdiction because the request does
not extend the appellate deadlines in an appeal from a summary judgment. Linwood v. NCNB
Tex., 38 Tex. Sup. Ct. J. 30, 30 (Oct. 13, 1994). (1)

 The judgment underlying this appeal became final and appealable on December 8,
1993, when the trial court rendered an order denying Jordan's counterclaim against
Deitch & Hamilton. See Martinez v. Humble Sand & Gravel, 875 S.W.2d 311, 313 (Tex. 1994)
(appellate timetable runs from date of order that made judgment final and appealable). Jordan
filed a timely request for findings of fact and conclusions of law on December 15, 1993. Tex.
R. Civ. P. 296. Assuming that she had ninety days within which to perfect an appeal, Jordan
filed her affidavit of inability to give cost bond on February 28, 1994. See Tex. R. App. P.
40(a)(3), 41(a).

 Jordan timely perfected her appeal if the request for findings of fact and conclusions
of law extended the appellate timetable. If the request did not, Jordan filed her affidavit untimely
because it was due on January 7, 1994, thirty days after the December 8 order. See Tex. R. App.
P. 41(a). In Linwood, the supreme court stated, "Because findings of fact and conclusions of law
have no place in a summary judgment proceeding, the timetable [is] not extended." Linwood, 38
Tex. Sup. Ct. J. at 30 (emphasis added).

 The cause here is a summary-judgment proceeding. In her response to the motion
to dismiss, Jordan suggested that the order disposing of her counterclaim was not decided on
summary judgment. Deitch & Hamilton filed its motion for summary judgment "on [Jordan's]
entire case" in October 1993. Jordan filed her counterclaim for usury in November. The
transcript does not show that Deitch & Hamilton filed an amended motion for summary judgment
expressly addressing the counterclaim. The December 2 judgment awards Deitch & Hamilton a
money judgment against Jordan and does not include a "Mother Hubbard" clause that denies all
relief not expressly granted. The December 8 order states that the December 2 judgment "failed
to specifically address any counterclaim filed by Charlene H. Jordan" and orders that she take
nothing from Deitch & Hamilton. Regardless whether denial of the counterclaim was proper on
the motion for summary judgment before the court, the proceeding remains a summary-judgment
proceeding. See Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex. 1993) (if summary judgment grants
more relief than requested, judgment should be reversed and cause remanded).

 Because Jordan filed her affidavit of inability more than thirty days after the
December 8 order, the affidavit was untimely. Tex. R. App. P. 41(a). We are, therefore,
without jurisdiction over the appeal. Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978); Willis
v. Texas Dep't of Corrections, 834 S.W.2d 953 (Tex. App.--Tyler 1992, no writ). The appeal is
dismissed for want of jurisdiction.


Before Chief Justice Carroll, Justices Jones and Kidd

Dismissed for Want of Jurisdiction

Filed: December 7, 1994

Do Not Publish
1. [1] We previously overruled Deitch & Hamilton's motion to dismiss and motion to reconsider
asking that we dismiss the appeal on this basis. This Court determined that any timely request
for findings of fact and conclusions of law extended the appellate timetable. See Chavez v.
Housing Auth., 876 S.W.2d 416, 418 (Tex. App.--El Paso 1994, no writ). Because jurisdiction
is fundamental, an appellate court is required to determine sua sponte whether it has jurisdiction. 
New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex. 1990); Texaco, Inc. v.
Shouse, 877 S.W.2d 8, 11 (Tex. App.--El Paso 1994, no writ).