11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Gregory Van Gentry

Appellant

Vs.                   No.
11-02-00092-CV B Appeal from Dawson County

Jan Allyn Gentry

Appellee

 

This is an
attempted interlocutory appeal from an order denying a temporary injunction
pending a divorce proceeding.  Jan Allyn
Gentry (Jan) filed a petition for divorce against Gregory Van Gentry (Gregory).  Gregory filed an application for temporary
and permanent injunctive relief requiring Jan to reconcile with Gregory.  The trial court denied the injunction, and
Gregory filed this appeal.  We dismiss
the appeal for lack of jurisdiction.

Issue
Presented

Gregory
presents one issue on appeal complaining that the trial court abused its
discretion by denying his application for an injunction.  Jan presents one cross-point for sanctions
against Gregory for bringing a frivolous appeal.  We raise the issue of 
jurisdiction on our own initiative.

Appellate
Jurisdiction








Absent an
express grant, appellate courts do not have jurisdiction to review
interlocutory orders.  New York
Underwriters Insurance Company v. Sanchez, 799 S.W.2d 677, 679 (Tex.1990).  Although TEX. CIV. PRAC. & REM. CODE ANN.
' 51.014(a)(4) (Vernon Supp. 2002) provides
for an interlocutory appeal from an order that Agrants or refuses a temporary injunction or grants or overrules a
motion to dissolve a temporary injunction as provided by Chapter 65,"[1]
TEX. FAM. CODE ANN. ' 6.507
(Vernon 1998) provides that:  AAn order under this subchapter [Subchapter
F],[2]
except an order appointing a receiver, is not subject to interlocutory appeal.@[3]  TEX.
CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon Supp. 2002); TEX. FAM.
CODE ANN. § 6.507 (Vernon Supp. 2002). 
The predecessor statute
to Family Code Section 6.507 has been interpreted to control over Section
51.014(a)(4) of the Texas Civil Practice and Remedies Code.  Cook v. Cook, 886 S.W.2d 838, 839 (Tex.App. -
Waco 1994, no writ). 

Jan filed
her petition for divorce under TEX. FAM. CODE ANN. ch. 6 (Vernon 1998 &
Supp. 2002).  Gregory requested a
temporary injunction under Section 6.502 (Subchapter F).  The resulting order of the trial court
denying Gregory=s request for a temporary injunction is an
order under Section 6.502 (Subchapter F). 
Therefore, Section 6.507 expressly provides that the order is not
subject to interlocutory appeal.

Jurisdiction
is fundamental; and we must determine whether we have jurisdiction over an
appeal, regardless of whether the parties raised the issue.  See Buffalo Royalty Corporation v. Enron
Corp., 906 S.W.2d 275, 277 (Tex.App. - Amarillo 1995, no writ); Texaco, Inc. v.
Shouse, 877 S.W.2d 8, 11 (Tex.App. - El Paso 1994, no writ).  Appellate jurisdiction cannot be created by
the court or by the consent, stipulation, or waiver of the litigants.  Texaco, Inc. v. Shouse, supra at 11.  Therefore, although both parties would like
for us to consider Gregory’s issue, we are not at liberty to do so.

Sanctions

Jan brings
a cross-point for sanctions against Gregory based upon a frivolous appeal.  TEX.R.APP.P. 45 requires a party seeking
sanctions to file a motion for sanctions. 
TEX.R.APP.P. 10.1 sets forth the requirements for a motion under Rule
45.  Jan did not file a motion in
support of its cross-point for sanctions. 
Although Rule 45 allows us to impose sanctions after notice and a
reasonable opportunity for response, we decline to do so.   








This
Courts Ruling

The appeal
is dismissed for want of jurisdiction. 
Jan=s request for sanctions is denied. 

 

TERRY
McCALL

JUSTICE

 

October 24, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]TEX. CIV. PRAC. & REM. CODE ANN. ' 65.01 et seq. (Vernon 1997 & Supp. 2002).





     [2]TEX. FAM. CODE ANN. ''
6.501 - 6.507 (Vernon 1998 & Supp. 2002).





     [3]An exception to Section 6.507 exists when the appeal is
a constitutional argument framed as a request for a temporary injunction.  Waite v.
Waite, 64 S.W.3d 217, 224 n.6 (Tex.App. B
Houston [14th Dist.] 2001, pet=n den=d).   The
constitutional exception does not apply to the present facts.