NO. 07-12-00121-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 11, 2012

ROGER HAGAR AND SUE HAGAR, APPELLANTS

v.

VERNON PATTON AND KELLY PATTON, APPELLEES

FROM THE 100TH DISTRICT COURT OF DONLEY COUNTY;

NO. DVC-11-06829; HONORABLE DAN MIKE BIRD, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellants, Roger and Sue Hagar, seek to appeal the trial court's entry of partial summary judgment in favor of appellees, Vernon and Kelly Patton. By its order, the trial court made a number of findings relating to a residential lease existing between the parties to this suit. However, the order expressly denied the Pattons' summary judgment motion as it related to the Hagars' claim for repayment of a $15,000 loan. Nonetheless, from this partial summary judgment, the Hagars filed notice of appeal. Concluding that we have no jurisdiction over this appeal, we dismiss.

A review of the record reflects that the Hagars' live pleading asserts three separate claims against the Pattons: (1) breach of contract on the lease, (2) breach of contract on a $15,000 loan, and (3) request for declaration that the Hagars have a life estate in the disputed property or that their possessory interest under the lease is a covenant that runs with the land. The Pattons answered and asserted a counterclaim for unpaid rent and late fees under the lease.

In October of 2011, the Pattons filed "Defendants' First Amended Motion for Partial Summary Judgment," which sought summary judgment against each of the claims asserted by the Hagars. However, the Pattons' counterclaim for unpaid rent and late fees under the lease was not addressed by this motion. The trial court subsequently signed an "Order Granting Summary Judgment in Part and Denying Summary Judgment in Part" on January 17, 2012. While this Order appears to resolve the material issues raised by the Hagars' claims for breach of contract on the lease and requests for declaratory judgment, the order specifically denies the Pattons' motion for summary judgment against the Hagars' claim for repayment of a $15,000 loan.

The Hagars filed notice of appeal on April 2, 2012, seeking to appeal the "judgment or order . . . signed on January 17, 2012."[1] On April 9, 2012, the Pattons filed a motion to dismiss the Hagars' appeal for want of jurisdiction with this Court. On May 7, 2012, the clerk's record was filed in this case.

---

[1] The only judgment or order signed on January 17, 2012, was the "Order Granting Summary Judgment in Part and Denying Summary Judgment in Part."

Unless a statute specifically authorizes an interlocutory appeal,[2] appellate courts have jurisdiction over final judgments only. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. Id.; see N. E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). "Although a judgment following a trial on the merits is presumed to be final, there is no such presumption of finality following a summary judgment or default judgment." In re Burlington Coat Factory Warehouse of McAllen, Inc., 167 S.W.3d 827, 829 (Tex. 2005). "[I]f the record reveals the existence of parties or claims not mentioned in the order, the order is not final." Lehmann, 39 S.W.3d at 206. The absence of an appealable order deprives an appellate court of jurisdiction to consider the appeal. See Qwest Commc'ns. Corp. v. AT&T Corp., 24 S.W.3d 334, 336 (Tex. 2000); Texaco, Inc. v. Shouse, 877 S.W.2d 8, 10 (Tex.App.—El Paso 1994, no writ).

In the present case, the Pattons' motion for summary judgment did not request disposition of their counterclaim for rent and late fees under the lease. Further, the trial court's partial summary judgment expressly denied judgment on the Hagars' claim for repayment of a $15,000 loan. Thus, a review of the record makes it clear that the trial court's summary judgment order does not dispose of all claims and, therefore, is not final.

---

[2] Certain interlocutory orders are made immediately appealable by statute. See TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2011); Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). None of these exceptions to the general rule apply to the Hagars' attempted appeal. Under certain specified conditions, a trial court may order an interlocutory appeal in a civil action not otherwise available for interlocutory appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). However, those conditions have not occurred here.

Because there is no final, appealable order in the record and there is no applicable statutory basis for an interlocutory appeal, the Pattons' motion to dismiss this appeal for want of jurisdiction is granted, and this appeal is dismissed for want of jurisdiction.

Mackey K. Hancock
Justice