

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00146-CV

IN THE INTEREST OF R.J.S., A CHILD

On Appeal from the 170th District Court
McLennan County, Texas
Trial Court No. 2010-3968-4, Honorable Jim Meyer, Presiding

June 12, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant filed his *pro se* notice of appeal in the Waco Court of Appeals on April 3, 2014, in an attempt to perfect what he has identified as a restricted appeal of a judgment or order signed on February 13, 2014.[1] Appellant has not identified the nature of that judgment or order, and our Clerk's Office's attempts to procure a certified copy of that judgment or order from the district clerk have revealed that there seems to have been no judgment or order signed on February 13, 2014. From the Court's review of the notice of appeal and the available documents in connection with the underlying

---

[1] Subsequently, this case was transferred to this Court from the Waco Court of Appeals pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

trial court cause number 2010-3968-4, it does not appear that there has been a final, appealable order from which appellant may appeal to this Court.

## Applicable Law

Generally, unless a statute specifically authorizes an interlocutory appeal, appellate courts have jurisdiction over final judgments only. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Id.*; *see N. E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). The absence of an appealable order deprives an appellate court of jurisdiction to consider the appeal. *See Qwest Commc'ns. Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (per curiam); *Texaco, Inc. v. Shouse*, 877 S.W.2d 8, 10 (Tex. App.—El Paso 1994, no writ).

## Analysis

In the absence of any information regarding the nature or even existence of the order from which appellant attempts to appeal and in furtherance of our investigation into our own jurisdiction over this cause, we reviewed the extensive and detailed docket sheet provided by the district clerk to determine what order, if any, may have been entered on the date appellant has identified. The docket sheet indicates only that there was an email dated February 13, 2014, but its author, recipients, subject, and contents are not available from the notation on the docket sheet.

Even we were to assume that the trial court sent this email to indicate its rulings on a matter pending before it in this underlying cause, it is unlikely that this email would serve as a final, appealable judgment; generally, a trial court's "[l]etters to counsel are not the kind of documents that constitute a judgment, decision[,] or order from which an appeal may be taken." *See Goff v. Tuchscherer*, 627 S.W.2d 397, 398–99 (Tex. 1982) (per curiam).

However, in the event that the email *could* be interpreted as a final, appealable order or that there existed another order that was not apparent from the docket sheet or other documents studied in our inquiry, we alerted the parties to this apparent jurisdictional defect by letter dated May 21, 2014 and provided an opportunity for appellant to show grounds no later than May 30, 2014, for continuing this appeal. *See* TEX. R. APP. P. 42.3. As of the date of this opinion, we have received no response from any party to this appeal to explain or remedy the jurisdictional defect apparent from the documents before us at this point. So, we again observe that there appears to be no judgment or order from which an appeal may be taken.

## Conclusion

In the absence of an appealable order, we are without jurisdiction to entertain this appeal. *See Qwest Commc'ns. Corp.*, 24 S.W.3d at 336. We, therefore, dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

Mackey K. Hancock
Justice

3