**Opinion issued January 12, 2023**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-21-00445-CV

_____

**KENNETH DAVIDSON, TAMARA DAVIDSON, ET AL., Appellants**

**V.**

**NORTH AMERICAN LUMBER, LLC, Appellee**

---

**On Appeal from County Court at Law No. 3**
**Fort Bend County, Texas**
**Trial Court Case No. 21-CCV-069204**

---

### MEMORANDUM OPINION

Appellants Kenneth Davidson, Tamara Davidson, and/or all occupants (the Davidsons) appeal the trial court's order granting summary judgment to appellee North American Lumber, LLC (NAL) in its forcible detainer suit. In two issues, the Davidsons contend that (1) the trial court erred in overruling their written objections

to NAL's motion for summary judgment, proceeding with the summary judgment hearing, and granting the summary judgment motion, and (2) NAL failed to comply with the Texas Rules of Civil Procedure's mandatory notice requirements. We affirm.

## Background

The Davidsons purchased the property located at 1922 Thompson Crossing Dr., Richmond, Texas, 77469 (the property) and financed it through Equifirst Corporation. After the Davidsons defaulted on their mortgage loan, the loan servicer initiated foreclosure proceedings. On February 2, 2021, NAL purchased the property at a substitute trustee's sale and received a Substitute Trustee's Deed which was recorded in the real property records of Fort Bend County, Texas.[1]

On February 8, 2021, NAL filed a forcible detainer action against the Davidsons in the Justice Court of Fort Bend County, Texas. On April 27, 2021, following a bench trial, the justice court rendered judgment in favor of NAL awarding it possession of the property with a writ of possession to issue on May 5, 2021.

The Davidsons appealed the judgment to the Fort Bend County Court at Law No. 3. On June 30, 2021, NAL moved for summary judgment on its forcible detainer action against the Davidsons. NAL argued that (1) it was the current owner of the

---

[1] The deed was recorded under document number 2021028813.

2

property as reflected in the substitute trustee deed; (2) the Davidsons were tenants at sufferance following the foreclosure and sale of the property; and (3) NAL tendered timely notice to the Davidsons to vacate the premises. The Davidsons filed written objections to NAL's motion for summary judgment asserting that NAL had failed to provide timely notice of the filing of its summary judgment motion and of the summary judgment hearing.

The county court held a hearing on NAL's motion. On August 6, 2021, the court entered an "Agreed Order on Plaintiff [NAL]'s Motion for Summary Judgment," awarding judgment to NAL with a writ of possession to issue on August 20, 2021 and setting a supersedeas bond in the amount of $34,000. Both parties' attorneys signed the order underneath the handwritten notation "Agreed," and the presiding judge and the associate judge signed the order. This appeal followed.

## Discussion

In two issues, the Davidsons contend that (1) the county court erred in overruling their written objections to NAL's motion for summary judgment, proceeding with the summary judgment hearing, and granting the summary judgment motion, and (2) NAL failed to comply with the Texas Rules of Civil Procedure's mandatory notice requirements. As a preliminary matter, we must determine whether the Davidsons have preserved any error over the trial court's entry of the August 6, 2021 order.

3

**A.**     **Applicable Law**

It is well settled that a judgment entered on an agreement of the parties cures all non-jurisdictional defects. *See Reule v. Sherwood Valley I Council of Co-Owners, Inc.*, No. 01-17-00593-CV, 2019 WL 4196898, at *2 (Tex. App.—Houston [1st Dist.] Sept. 5, 2019, no pet.) (mem. op.); *One 2000 Int'l Truck Tractor v. State*, No. 01-11-00072-CV, 2012 WL 5458421, at *1 (Tex. App.—Houston [1st Dist.] Nov. 8, 2012, no pet.) (mem. op.) (citing *Mailhot v. Mailhot*, 124 S.W.3d 775, 777 (Tex. App.—Houston [1st Dist.] 2003, no pet.)); *see also Mallia v. Mallia*, No. 14-07-00695-CV, 2009 WL 909588, at *1 (Tex. App.—Houston [14th Dist.] Apr. 7, 2009, no pet.) (mem. op.). When a judgment is rendered by consent it has neither less nor greater force or effect than it would have had it been rendered after litigation, except to the extent that the consent excuses error and operates to end all controversy between the parties. *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 422 (Tex. 2000). Absent allegations and proof of fraud, collusion, or misrepresentation, a party generally cannot appeal from or attack a judgment to which he has consented or agreed. *Reedom v. 5950 Boca Raton LP*, No. 02-18-00269-CV, 2019 WL 4010219, at *1 (Tex. App.—Fort Worth Aug. 26, 2019, no pet.) (mem. op.); *Authorlee v. Tuboscope Vetco Int'l, Inc.*, 274 S.W.3d 111, 119 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).

4

A party may revoke his consent to an agreement at any time before an agreed judgment is rendered on the agreement. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995). A party who moves the trial court to accept a settlement agreement and to enter judgment accordingly may not later attack that judgment. *Casu v. Marathon Refin. Co.*, 896 S.W.2d 388, 389 (Tex. App.—Houston [1st Dist.] 1995, writ denied). To preserve error for appeal, a party must specify that his agreement with the judgment is as to form, but not as to substance and outcome. *See First Nat'l Bank of Beeville v. Fojtik*, 775 S.W.2d 632, 633 (Tex. 1989); *see also Mailhot*, 124 S.W.3d at 777.

**B.      Analysis**

The Davidsons contend that the August 6, 2021 order does not constitute a valid consent order or judgment because they did not explicitly and unmistakably give their consent to the entire order but, rather, only to the amount of the supersedeas bond. Thus, they argue, they have not waived their right to challenge the order on appeal. NAL responds that the trial court properly entered the agreed order because the parties agreed and consented to the judgment and the Davidsons have therefore waived any error on appeal.

The Davidsons were present at the summary judgment hearing and represented by counsel. Following the hearing, the court entered an "Agreed Order on Plaintiff [NAL]'s Motion for Summary Judgment" on August 6, 2021, awarding

5

judgment to NAL with a writ of possession to issue on August 20, 2021 and setting a supersedeas bond in the amount of $34,000. The attorneys signed the order underneath the heading "Agreed," and the presiding judge and associate judge signed the order. There is no language limiting the Davidsons' consent as to form only, *see Fojtik*, 775 S.W.2d at 633, and the Davidsons did not revoke their consent at any time before the trial court rendered judgment on the agreed order. *See Leal*, 892 S.W.2d at 857. The record also includes the county court's electronic docket entry which contains the following notation: "Rule 11 agreement on the record."

The Davidsons argue that an order that includes the word "agreed" with nothing more is not a consent judgment. In support of their argument, they rely on *Bexar County Criminal District Attorney's Office v. Mayo*, 773 S.W.2d 642 (Tex. App.—San Antonio 1989, no writ). In that case, the State appealed the trial court's order granting Mayo's petition for expunction of her arrest record. *See id*. at 642. Mayo argued that the State was bound by the expunction order because the assistant district attorney's signature indicated that she approved it. *See id*. at 644. The word "Approved" appeared at the end of the expunction order, followed by the signatures of counsel. *Id*. Noting that a party who approves a judgment as to form does not relinquish the right to appeal, the court considered "whether a lawyer whose signature indicates 'Approved' has agreed and consented to the judgment or approved it as to form only." *Id*. The court concluded that "[t]he notation

'Approved,' standing alone, is too indefinite to justify declaring as a matter of law that a judgment is a consent judgment." *Id.* It held that "when an attorney's signature indicates 'Approved' he has simply approved the judgment as to form only, unless other language in the judgment indicates that the substance of the judgment was also agreed." *Id.* The court then stated in a footnote, "[f]or example, the judgment might be entitled "Agreed Judgment," or it might recite that the parties had compromised and settled the matter." *Id*. n.2.

This is exactly the case before us. In addition to counsels' signatures underneath the word "Agreed" at the end of the order, the judgment is entitled "Agreed Order on Plaintiff [NAL]'s Motion for Summary Judgment." *See id.*; *see also Estate of Nielsen*, No. 02-17-00251-CV, 2018 WL 4625531, at *6 (Tex. App.— Fort Worth Sept. 27, 2018, pet. denied) (mem. op.) (concluding that any error in agreed order probating will and partitioning and distributing assets was waived where judgment was entitled "Agreed Order" and parties' attorneys also signed order as "AGREED").[2] The trial court's electronic docket entry which states "Rule

---

[2]    The *Nielsen* court also noted:

> When a proposed order purports on its face to be "agreed," the attorneys involved are charged with reading and understanding that term. . . . And when an order which purports on its face to be agreed is only partially agreed, it is incumbent upon an attorney to clarify the limited nature of the agreement prior to affixing his or her signature to it.

7

11 agreement on the record" further supports the conclusion that the agreed order is a consent judgment.

Nothing in the record indicates that the parties' counsel signed the agreed order under protest or in any way indicated to the county court that it did not reflect the parties' agreement. There is no language limiting the Davidsons' consent as to form only, and the Davidsons did not revoke their consent at any time before the trial court rendered judgment on the agreed order. Absent an allegation and proof of fraud, collusion, or misrepresentation, the Davidsons "cannot now complain on appeal of that which [they] invited or induced by virtue of [their] attorney's signature on the document itself." *Id*. at *7 ("We hold that under these facts 'agreed' means what it says. The term is explicit and unmistakable."). Because any error in the judgment has been waived, the agreed order leaves nothing to properly present for appellate review. *Id*. (citing *Baw v. Baw*, 949 S.W.2d 764, 766 (Tex. App.—Dallas 1997, no writ)).

However, even if the Davidsons had preserved any error for our review, they have not presented any substantive argument on appeal challenging the granting of summary judgment to NAL on its forcible detainer action. They do not assert that

---

*Estate of Nielsen*, No. 02-17-00251CV, 2018 WL 4625531, at *7 (Tex. App.—Fort Worth Sept. 27, 2018, pet. denied). If the Davidsons had intended to agree only to the amount of the supersedeas bond, as they contend on appeal, it was incumbent upon their attorney to make clear the limited nature of the agreement before signing the order.

the evidence created a genuine issue of material fact as to any of the elements of NAL's claim precluding summary judgment as a matter of law.[3] *See* TEX. R. CIV. P. 166a(c) ("The judgment sought shall be rendered forthwith if . . . there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

In their reply brief, the Davidsons request that this Court sanction NAL and its counsel because NAL "misrepresents and mischaracterizes, without excuse and good cause, the content of its citation to the appellate record." Specifically, the Davidsons take issue with NAL's citation to the county court's electronic docket entry dated August 6, 2021. Under the heading "ORDERS OF COURT," the docket entry reads:

> Rule 11 agreement on the record
> Writ of Possession 14 days
> Supersedes (sic) Bond
> Atty Patel for North American
> Atty Shackelford for def
>
> LW[4]

---

[3] The record does not reflect that the Davidsons filed a summary judgment response.

[4] These are the initials of Associate Judge Lewis White.

9

In its brief, NAL stated, "The Honorable Judge White documented the agreed judgment on the docket sheet as follows:

> Rule 11 agreement on the record, writ of possession 14 days, supersedes bond, atty Patel for North American Atty Shackelford for Def. On August 17, 2021, Davidson filed a Certificate of Deposit in Lieu of a cash bond in the amount Ordered. Despite signing an agreed judgment at the Summary Judgment in this matter, Davidson filed this appeal. (Judges Docket Notes entered into the Court record August 6, 2021.)"

The Davidsons assert that NAL opted to misrepresent the contents of the electronic docket entry to allow it to embellish its argument on appeal that the agreed order was a consent judgment.

The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation. *Wakefield v. Ayers*, No. 01-14-00648-CV, 2016 WL 4536454, at *16 (Tex. App.—Houston [1st Dist.] Aug. 30, 2006, no pet.) (mem. op.). After a review of the record, briefing, and other papers filed in this Court, we deny the Davidsons' request for sanctions.

We overrule the Davidsons' first and second issues. Any pending motions are dismissed as moot.

## Conclusion

We affirm the trial court's judgment.

Amparo Guerra
Justice

10

Panel consists of Justices Goodman, Hightower, and Guerra.