**Marjorie Lewis HOBDY, Appellant,**

**v.**

**Joseph L. LEWIS, Appellee.**

**No. 16764.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 4, 1966.

Rehearing Denied Dec. 16, 1966.

Spence, Martin & Richie, and Gene Richie, Wichita Falls, for appellant.

Schenk & Wesbrooks, and Perry Wesbrooks, Wichita Falls, for appellee.

OPINION

LANGDON, Justice.

This appeal is from a judgment reducing the amount of child support from $230.00 to $210.00 per month. Appellant by two points of error contends the trial court erred in modifying the child support by reducing rather than increasing it; that such action had no support in the evidence and constituted an abuse of discretion. We affirm.

The parties were married on April 19, 1947 and had four children of their marriage. On January 8, 1963 the appellant was granted a divorce from appellee on her cross-action and awarded custody of the four children and child support in the sum of $230.00 per month. Both appellant and appellee were remarried at the time of the hearing for modification. An extended recitation of the evidence adduced at the trial will serve no useful purpose. Suffice it to say that several material changes were shown to have taken place since the support order contained in the original judgment.

The trial judge who entered the original judgment likewise ordered the modi-

fication. He was undoubtedly familiar with all of the facts and circumstances surrounding the financial circumstances of the parties. Findings of fact and conclusions of law were made and filed. The evidence reflected that the appellee was unable to meet all of his current obligations and could not discharge his debts. The record contains adequate evidence in support of the trial court's action in reducing the support payments. We do not feel that its judgment should be disturbed. Livingston v. Nealy, 382 S.W.2d 511 (Corpus Christi Civ.App., 1964, writ ref. n. r. e.); Mobley v. Mobley, 221 S.W.2d 565 (San Antonio Civ.App., 1949, no writ hist.); McAfee v. McAfee, 258 S.W.2d 824 (Dallas Civ.App., 1953, no writ hist.); Cockrell v. Cockrell, 298 S.W.2d 178 (Amarillo Civ.App., 1957, no writ hist.). In the instant case most of the problems of the father were attributable to his remarriage. See 89 A.L.R.2d p. 106, "Anno: Divorce—Child Support—Modification" and discussion on "Remarriage of parent as basis for modification of amount of child support provisions of divorce decree." See 21 Tex.Jur.2d 24, § 404, wherein it is stated, "The court has power and authority to alter, change, or suspend judgments regarding child support", and cases cited thereunder.

■ The appellate court is not authorized to change or alter findings of the trial court unless the court has grossly abused its discretion. We are not authorized to change the amount found by the trial court merely because we might think it too high or too low. We must indulge every reasonable presumption, consistent with the record, in favor of the judgment. Brito v. Brito, 346 S.W.2d 133 (El Paso Civ.App., 1961, writ ref. n. r. e.); Brogdon v. Brogdon, 392 S.W.2d 385 (Fort Worth Civ.App., 1965, writ ref. n. r. e.). No clear abuse of discretion on the part of the trial court was shown by the record.

In Madden v. Madden, 365 S.W.2d 427 (Fort Worth Civ.App., 1963, no writ hist.), this court in holding that the trial court did not abuse its discretion held, "The duty of a father to support his children, after divorce, corresponds to his financial ability. Each case must stand on its own facts, and trial courts of necessity have wide discretion in regard thereto."

The appellant's two points of error and the appellee's cross-point of error are overruled and the judgment of the trial court is in all things affirmed.

Affirmed.