**Mary RAMEY, Appellant,**

v.

**James C. RAMEY, Appellee.**

**No. 4223.**

Court of Civil Appeals of Texas.

Eastland.

Feb. 29, 1968.

Rehearing Denied March 29, 1968.

Andress, Woodgate & Condos, William Andress, Jr., Dallas, for appellant.

Collie & McSpedden, R. L. McSpedden, Dallas, for appellee.

ESCO WALTER, Associate Justice.

Mary Ramey filed a motion to hold James C. Ramey in contempt for his failure to make child support payments. She alleged that he was in arrears $1,250.00. Mr. Ramey filed an answer asking for a reduction of support payments from $500.00 to $200.00 a month. The court reduced Mr. Ramey's child suport to $400.00 per month and the plaintiff Mary Ramey has appealed.

She contends there is no evidence to support the court's order reducing child support payments and that the court abused her discretion.

■ In non jury cases where no findings of fact or conclusions of law have been filed, the judgment implies all necessary fact findings in support of the judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

■ We have examined the record, in the light of the appropriate authorities, and find there was some evidence of probative value to support the judgment.

■ Our Supreme Court in Gully v. Gully, 111 Tex. 233, 231 S.W. 97 at page 100, 15 A.L.R. 564 said:

"In determining the duty of the husband to supply necessaries to his children, before or after divorce, it is to be borne in mind that his duty corresponds to his financial ability, having due regard to all his lawful obligations, which may include those assumed to another wife and to other children. * * *"

In Madden v. Madden, Tex.Civ.App., 365 S.W.2d 427, (no writ history), the court said:

"The duty of a father to support his children, after divorce, corresponds to his financial ability. Each case must stand on its own facts, and trial courts of necessity have wide discretion in regard thereto. 21 Tex.Jur.2d 10, § 387; Scott v. Fort Worth National Bank, Tex. Civ.App., 170 S.W.2d 576; Brito v. Brito, Tex.Civ.App., 346 S.W.2d 133."

■ In Hobdy v. Lewis, Tex.Civ.App., 409 S.W.2d 428, (no writ history), the court said:

"The appellate court is not authorized to change or alter findings of the trial court unless the court has grossly abused its discretion. We are not authorized to change the amount found by the trial court merely because we might think it too high or too low. We must indulge every reasonable presumption, consistent with the record, in favor of the judgment."

Considering the record and the authorities, we conclude the court did not abuse her discretion.

The judgment is affirmed.