Monte Gerald EDWARDS, Appellant,

v.

Emma Janice EDWARDS, Appellee.

No. 12345.

Court of Civil Appeals of Texas, Austin.

March 10, 1976.

Don Raven, Austin, for appellant.

William S. Rose, Austin, for appellee.

O'QUINN, Justice.

Emma Janice Edwards, the appellee, brought suit for divorce against Monte Gerald Edwards, the appellant, in August of 1973, and by decree entered in February of 1975, divorce was granted appellee, together with custody of three minor children, and the court ordered division of the community property.

Monte Gerald Edwards has appealed and claims under his sole point of error that "The trial court abused it's [sic] discretion in dividing the community property of the parties." We overrule the point of error and will affirm judgment of the trial court.

The trial court filed findings of fact and conclusions of law. No statement of facts has been brought forward, although a brief "narrative statement of the case," filed by the court and approved by the parties, is in the record.

In a cause on appeal in which findings of fact and conclusions of law have been filed; but no statement of facts brought forward, the findings of fact become binding on the parties and are accepted by the Court as justified by the evidence. *Vanity Fair Properties v. Billingsley,* 469 S.W.2d 453 (Tex.Civ.App. San Antonio 1971, writ ref. n. r. e.); 4 McDonald, Texas Civil Practice, sec. 16.10(c), p. 29 (1971 rev.). The appellate court will review only the correctness of the legal conclusions from the facts found. *Ives v. Watson,* 521 S.W.2d 930, 932 (Tex.Civ.App. Beaumont 1975, writ ref. n. r. e.); McDonald, *supra,* p. 30.

The parties had three major items of community property to be divided. Two items were personalty, being the cash surrender value of four insurance policies on appellant's life in the amount of $3,947.66 and the vested interest in a retirement plan at appellant's place of employment worth $6,065.66. The third item was realty, a house and lot in Bedford, Texas, having an agreed equity value of $13,523. The court awarded the first two items, in the sum of $10,013.32, to appellant, and awarded the realty to appellee, with primary responsibility on appellee to discharge the unpaid balance of the debt against the property.

In addition, certain items of personalty in possession of the respective parties were awarded to the party having possession. The trial court also directed that if appellee, within one year, decided to sell the realty, appellant would have the right to buy the property at the price offered appellee, plus $500 above the prospective sale price.

Taking into account all of the community items divided by the court, and the adjustment made to effect payment of about $440 in community debts, the net awards amounted to about $14,273.00 for appellee and about $10,277.00 for appellant, a difference of $3,997.00.

Appellant contends on appeal that the trial court should have ordered the parties to sell the realty and then effect equal division of the proceeds between the parties, together with equal division of their interest in the retirement plan and the surrender value of the insurance policies. Assuming that the realty could have been sold at a price equal to the equity the parties had in the property, the division which appellant contends should have been made by the trial court would have increased appellant's share of the community by about $1,998.

■ It is well settled that the trial court has wide discretion in disposing of community property in a divorce action, although the discretion is not unlimited and should be exercised with due regard to the rights of the parties. *Hooper v. Hooper,* 403 S.W.2d 215 (Tex.Civ.App. Amarillo 1966, writ dsm'd); *Wilson v. Wilson,* 225 S.W.2d 236 (Tex.Civ.App. Fort Worth 1949, no writ). The Texas Family Code provides that "In a decree of divorce . . . the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." (Sec. 3.63, Family Code).

The Supreme Court in an early case held that the trial court was empowered " . . to order a division of the estate of the parties to the divorce suit in such way as to the court seemed just and right, having due regard to the rights of each party and of the children . . . " *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21, 22 (1923). The Court further held in *Hedtke* that in division of the property the trial court " . . is invested with wide discretion . . . and that its action, in the exercise of such discretion, should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair." (248 S.W. 23, col. 1)

■ The rule is well established that division of the community estate need not be equal. *Williams v. Williams,* 160 Tex. 99, 325 S.W.2d 682, 684 (1959); *Thomas v. Thomas,* 525 S.W.2d 200 (Tex.Civ.App. Houston (1st) 1975, no writ). An unequal division is permissible if not so disproportionate as to be inequitable, and if the circumstances justify awarding more than one-half to one party. *Bowling v. Bowling,* 373 S.W.2d 829, 831 (Tex.Civ.App. Houston 1963, no writ); *Keene v. Keene,* 445 S.W.2d 624, 626 (Tex.Civ.App. Dallas 1969, writ dism'd).

Appellant insists "that there was no 'reasonable basis' for the unequal division of the community property" in this cause. In support of this position, appellant places special reliance on holdings in two cases in each of which the appellate court held that division of the community property was unjust and unfair to the husband.

In both cases the property held to be unfairly awarded was being used by the husband in making a living and constituted the most valuable income producing property owned by the parties. *Wilson v. Wilson,* 225 S.W.2d 236, 239 (Tex.Civ.App. Fort Worth 1949, no writ); *Hooper v. Hooper,* 403 S.W.2d 215, 217 (Tex.Civ.App. Amarillo 1966, writ dsm'd). In *Wilson* the husband, a professional man, was using a portion of the property, valued at $50,000 because it had become adaptable for business, and the court held that the judgment, depriving him of its use in pursuit of his profession, did not "manifest a due regard for the rights of the husband." In *Hooper* the property held not fairly disposed of consisted of a sporting goods store, operated for several years by the husband and a partner, which constituted "the major source of the family income."

The record in this case shows that the husband is employed in Austin, where he earns about $20,000 a year, and makes no use of the realty at Bedford in connection with his business. The wife is employed on a part-time basis and makes $350 per month while attending college to complete work on a master's degree. The wife has custody of

the three minor children, and by agreement of the parties, approved by the court, child support payments by the husband were set at $400 per month.

The action of the trial court in awarding the house to appellee and all of the cash value of insurance and retirement benefits to appellant avoided the necessity of ordering distress sale of the realty and liquidation of the insurance and retirement reserves. In doing so the court deprived the husband of less than $2,000, out of an estate worth $24,550, left intact appellant's means of earning a livelihood, and protected the full value of the community against forced sale of realty and liquidation of reserve funds. Appellant has failed to meet his burden to show that the action taken by the trial court amounted to abuse of discretion in that the property division was manifestly unjust and unfair to appellant. We hold that the court did not abuse its discretion with respect to any portion of the property divided between the parties.

The judgment of the trial court is in all things affirmed.

Affirmed.