**Homer Joseph EGGEMEYER, Appellant,**

v.

**Virginia EGGEMEYER, Appellee.**

No. 12384.

Court of Civil Appeals of Texas, Austin.

March 31, 1976.

Rehearing Denied April 14, 1976.

Marvin C. Hanz, San Angelo, for appellant.

Bradley C. Miles, San Angelo, for appellee.

SHANNON, Justice.

Appellee, Virginia Eggemeyer, filed suit for divorce against appellant, Homer Joseph Eggemeyer, in the district court of Runnels County. Appellee also sought custody of the children, a division of the property, and an order that appellant make child support payments.

The parties were married in 1954 and they had six children. At trial time four of the children were under eighteen years of age. Before suit was filed the parties owned and operated a farm of about 202 acres in Runnels County. It was stipulated that appellant owned an undivided one-third interest in the farm as his separate property and the remaining two-thirds interest was community property.

After trial to the court, judgment was entered granting the divorce. In the judgment the district court appointed appellee managing conservator of the four minor children: Tyrone, age sixteen; Rebecca, age thirteen; Bonnie Susanne, age twelve; and Gena Beth, age ten. The judgment

provided further that appellant pay one hundred dollars each month for each child until the respective child reached the age of eighteen years.

The judgment also vested the title to the farm in appellee subject to the first lien in favor of the Federal Land Bank of Houston in the sum of $20,101.80 and subject to a second lien in favor of appellant's sister in the sum of $5,200.00. The farm was also burdened with a $10,000 lien imposed by the court in favor of appellant. Such lien presumably represented the value of appellant's one-third separate property in the farm. In addition, appellee received one-half of the one-fourth nonparticipating royalty interest reserved by the parties in the sale in 1966 of a 323.7-acre tract of land located in Runnels County. Appellee received the usual household furniture, and, as well, a flat-bed trailer, stock trailer, a 1973 Pontiac automobile, and some stock in the Federal Land Bank of Houston. The judgment further provided that appellee pay a $3,000 note in favor of her father.

Appellant received the $10,000.00 lien on the farm, one-half of the one-fourth nonparticipating royalty interest already described, certain automobiles, and all equipment, tools, implements, and machinery in his possession and on the farm. The judgment provided that other than the $3,000.00 note to appellee's father, appellant was to pay all other community debts.

Appellant does not question that part of the judgment ordering the divorce and naming appellee managing conservator of the minor children. Appellant attacks the balance of the judgment by several points of error, one of which is that the part of the judgment ordering child support in the indicated sum was beyond his ". . . physical and mental ability and capacity . . to provide and maintain . . ." Appellant also claims that the district court erred in the division of the property in that ". . it was inequitable and clearly an abuse of discretion . . ."

■ A judgment ordering child support will not be disturbed unless the trial court has abused its discretion. The amount of child support payments awarded by the judgment will not be revised merely because the reviewing court considers those payments too high or too low. *Ramey v. Ramey,* 425 S.W.2d 900 (Tex.Civ.App.1968, writ dism'd), *Hobdy v. Lewis,* 409 S.W.2d 428 (Tex.Civ.App.1966, no writ). The duty of a parent to support his children, after divorce, corresponds in large measure to his financial ability, *Madden v. Madden,* 365 S.W.2d 427 (Tex.Civ.App.1963, no writ), and his earning potential. *Wetzel v. Wetzel,* 514 S.W.2d 283 (Tex.Civ.App.1974, no writ).

■ Since August, 1973, when the suit was filed, appellant has contributed little or nothing to the support of his children. Appellee has worked in the lunchroom at Paint Rock High School and has earned about $250.00 each month. Appellee's mother has purchased clothing for the children. Appellee has been able to feed the family by purchasing food stamps. Appellee and the children have incurred $1,500.00 in medical bills since the filing of the divorce suit. Appellant has paid none of those bills. Appellee testified that Gena Beth needs glasses and corrective nose surgery, but that appellee is unable to pay for the glasses and the surgery.

Appellant earned more than $14,000.00 in 1973. In that year appellant sold twenty-six bales of cotton for over $7,000.00, and he earned $7,000.00 in spraying Johnson grass and in defoliating cotton.

Though appellant had no job at trial time, he had been employed, on occasion, after the suit was filed and until the time of trial. Appellant was forty-five years of age at trial and he is possessed of general skills and experience which qualifies him for agricultural work. Appellant stated that he was well qualified to run spraying rigs. Although appellant testified that his "nerves aren't too good" and that his back was "no good at all," he did not support those subjective complaints with any character of medical proof. The district court could well have believed that appellant, like Mr. Micawber, instead of bestirring himself to earn a living, seemed more interested in

waiting around "in case anything turned up."[1]

Appellant's child support payment will be reduced twenty-five percent in the immediate future as Tyrone will be eighteen in April, 1976. We have concluded that appellant has the financial ability and earning potential to support his children in the sums ordered by the district court.

The trial court has wide discretion in determining the proper division of the community estate of the parties to a divorce action. The court is not required to divide that estate equally among them. Tex.Family Code § 3.63 (1975), *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002 (1950). An unequal division is permissible if not so disproportionate as to be inequitable, and if the circumstances justify awarding more than one-half to one party. *Bowling v. Bowling,* 373 S.W.2d 829 (Tex.Civ.App.1963, no writit), *Edwards v. Edwards,* 534 S.W.2d 740, Tex. Civ.App.—Austin, 1976 (not yet reported).

The division of the community property by the judgment was not equal and was weighted in favor of appellee. Under the circumstances, some of which have been set out, the trial court was justified in awarding more than one-half of the community estate to appellee.

Appellant complains in his fifth point of error that the court erred in entering judgment divesting him of his separate interest in the farm. The authority for the division of the property in a divorce action is found in Tex. Family Code § 3.63 (1975). That statute provides, "In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

The predecessor of § 3.63 was Tex.Rev. Civ.Stat. Art. 4638 which provided, "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. *Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate.*" (Emphasis added). The emphasized language was omitted from § 3.63.

The issue raised by point of error five is whether the law now empowers the trial court to divest a person of his or her separate real property in a divorce action. The exact issue was considered in *Ramirez v. Ramirez,* 524 S.W.2d 767 (Tex.Civ.App. 1975, no writ). In a scholarly opinion Chief Justice Nye examined the authorities and concluded that § 3.63 does not authorize the trial court to divest one of separate real property in a divorce action. We follow that opinion, and will sustain point of error five. Nevertheless, we are of the view that the trial court is empowered to set aside either spouse's separate real property, its income, rents, or revenues for the support of the minor children. *Fitts v. Fitts,* 14 Tex. 443 (1855), *Rice v. Rice,* 21 Tex. 58 (1858), *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923). See: Tex. Family Code § 14.05(a) (1975).

By point of error two appellant maintains that the court erred in entering judgment providing that the child support payments were binding upon appellant "and his estate."

Probably the provision in the judgment providing that the child support payments were binding upon appellant "and his estate" referred to Tex. Family Code § 14.-05(d). Section 14.05(d) provides that, "Unless otherwise agreed to in writing *or expressly provided in the decree,* provisions for the support of a child are terminated by the marriage of the child, the removal of the child's disabilities for general purposes, *or the death of a parent obligated to support the child.*" (Emphasis added). The emphasized portion of § 14.05(d) empowered the court to bind appellant's estate for payment of child support. We overrule point of error two.

We reverse that part of the judgment divesting appellant of title to his separate

---

1. Dickens, *David Copperfield,* Chap. 11.

interest in the farm and imposing a $10,-000.00 lien in appellant's favor on the farm. That part of the cause of action will be remanded for further proceedings to determine whether or not the appellant's separate interest in the farm shall be set aside to be administered for the support of appellant's minor children. In all other things, the judgment is affirmed.

Reversed and Remanded in Part and Affirmed in Part.