# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00692-CV

**Edward Francis Zarnesky, Jr., Appellant**

**v.**

**Kathryn Christine Zarnesky, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 258,366-D, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Edward Zarnesky appeals a divorce decree signed by the trial court granting a divorce to him and Kathryn Zarnesky and dividing the marital estate.[1]  In his first issue on appeal, Edward argues that the trial court abused its discretion by denying his motion for continuance.  In his second issue, Edward argues that the trial court abused its discretion by ordering a division of the marital estate that was so disproportionate as to be manifestly unjust.  We will reverse the portion of the trial court's decree ordering a division of the marital estate and remand this cause to that court for a new division of the marital estate.

---

[1]  For clarity, we will refer to the parties by their first names.

## BACKGROUND

At the final contested hearing in this case, the trial court directed Kathryn to confer with Edward, who appeared *pro se* by telephone, and prepare a list of agreed community assets and debts. During the court's recess, Kathryn and her attorney discussed the marital estate with Edward using a proposed property division submitted by Edward as a starting point for negotiations. This document purports to list every community asset and debt, the value of the asset or the amount of the debt, and the party to whom Edward proposed that the asset or debt be assigned upon divorce.

According to Kathryn, she and her attorney placed a check mark next to each item about which Kathryn and Edward were in agreement. Kathryn and Edward were largely in agreement about the division of the marital estate. For example, they agreed that upon divorce Kathryn would become the sole owner of a home in Texas, which was community property, while Edward would become the sole owner of a home in Alabama, which was his separate property. However, the couple disagreed about the division of several items, including a large retirement account of Kathryn's. Kathryn and her attorney also added three items to the list of community debts, including the mortgage on the Texas home. This copy of Edward's proposal as altered by Kathryn was admitted as Exhibit 1.

However, as detailed below, Exhibit 1 contained an error. In the table of community assets, the exhibit listed the net value of the Texas home rather than its market value. The exhibit then separately listed the home's mortgage as a community debt. Therefore, Exhibit 1 undervalued the Texas home by erroneously double-counting the mortgage.

2

The trial court's final decree generally tracked Exhibit 1 and, among other things, awarded the Texas home and the mortgage on the home to Kathryn and awarded each party all retirement accounts in his or her own name. The trial court also issued written findings of fact and conclusions of law, in which the court stated that it considered Exhibit 1 along with three other exhibits and the parties' testimony "in making a determination for a just and right division." After the trial court denied Edward's motion for new trial, this appeal followed.

## DISCUSSION

### *Standard of review*

A trial court must make a just and right division of the marital estate upon divorce. *See* Tex. Fam. Code § 7.001; *Iliff v. Iliff*, 339 S.W.3d 126, 133 (Tex. App.—Austin 2009), *aff'd*, 339 S.W.3d 74 (Tex. 2011). We review a trial court's division of the marital estate for an abuse of discretion. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *Iliff*, 339 S.W.3d at 133. A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or acts without reference to any guiding principle. *See Coburn v. Moreland*, 433 S.W.3d 809, 823 (Tex. App.—Austin 2014, no pet.). The appellant bears the burden "to show from the record that the division was so disproportionate, and thus unfair, that it constitutes an abuse of discretion." *O'Carolan v. Hopper*, 414 S.W.3d 288, 311 (Tex. App.—Austin 2013, no pet.).

3

*Analysis*

In his second issue, Edward contends that the trial court abused its discretion by ordering a division of the marital estate that was so erroneously disproportionate as to be manifestly unjust. We agree.

The mere fact that the trial court made an unequal division of the marital estate does not necessarily mean that the court abused its discretion. *See Eggemeyer v. Eggemeyer*, 535 S.W.2d 425, 428 (Tex. Civ. App.—Austin 1976), *aff'd*, 554 S.W.2d 137 (Tex. 1977); *see also Zinger v. Lacey*, No. 03-97-00812-CV, 1999 WL 143848, at *3 (Tex. App.—Austin Mar. 18, 1999, pet. denied) (not designated for publication); *Zamora v. Zamora*, 611 S.W.2d 660, 662 (Tex. Civ. App.—Corpus Christi 1980, no writ). However, "[t]he trial court's discretion is not unlimited, and there must be some reasonable basis for an unequal division of the property." *O'Carolan v. Hopper*, 71 S.W.3d 529, 532 (Tex. App.—Austin 2002, no pet.); *see Marriage of O'Brien*, 436 S.W.3d 78, 81 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("A disproportionate division must be supported by some reasonable basis."); *Eggemeyer*, 535 S.W.2d at 428 ("An unequal division is permissible if not so disproportionate as to be inequitable, and if the circumstances justify awarding more than one-half to one party.").

Neither party sought an unequal award at trial, and Kathryn does not contend on appeal that a reasonable basis would support an unequal division of the marital estate.[2] Instead, the

---

[2] In an affidavit attached to her petition for divorce, Kathryn asserted that Edward was "emotionally and mentally abusive" toward her and that Edward "had several extra marital affairs" during their marriage. However, in the "Grounds for Divorce" section of her petition, Kathryn stated only that the marriage had become insupportable, *see* Tex. Fam. Code § 6.001, and did not allege cruelty or adultery, *see id.* §§ 6.002–.003. Moreover, Kathryn did not testify at the final hearing

4

parties disagree about whether the trial court actually ordered an unequal division in Kathryn's favor.

Kathryn argues that the trial court's division is not unequal because the court's decree assigned her

the majority of the community debt along with the majority of the community assets.

In contrast, Edward asserts that the division is unequal and, because there is no

evidence of a reasonable basis to support an unequal division, the trial court abused its discretion.

Specifically, Edward argues that the trial court undervalued the community assets Kathryn would

acquire because it counted the mortgage on the Texas home twice.[3]  Kathryn responds that the trial

court made a just and right division of the estate giving due regard to the parties' arguments.[4]

However, Kathryn does not dispute that if the trial court did erroneously double-count the mortgage,

---

concerning abuse or adultery or argue that these grounds supported an unequal division, and the trial court made no findings of fact or conclusions of law relevant to these issues.  Therefore, based on the record before us, we conclude that neither alleged abuse nor alleged adultery could have justified an unequal division by the trial court.

[3]  Edward also argues that the trial court erred by:  (1) considering as community debt two unsecured credit card debts that Kathryn added to Exhibit 1 without Edward's consent; (2) characterizing the entire joint debt on the Alabama residence as Edward's separate debt; and (3) characterizing a large amount of Kathryn's property as separate property even though Kathryn produced no evidence to defeat the presumption that it was community property.  Because we conclude that the trial court's division of the marital estate was unequal and an abuse of discretion without considering these additional items, we need not address these additional alleged errors.

[4]  In her brief, Kathryn also suggests that Edward may not have "properly preserved any error related to this issue" because Edward "agreed to the net value of the Texas residence" at the hearing as evidenced by the check mark that Kathryn placed next to the value on Exhibit 1.  This suggestion seems to misunderstand Edward's argument, which does not concern the value of the home or the amount of the mortgage, but rather the effect of these amounts on the calculation of Edward's share of the community assets and debts.  Moreover, because Edward participated in the final hearing by telephone, it is unclear whether he ever saw and approved the changes that Kathryn and her attorney made by hand to Exhibit 1.  We conclude that Edward has preserved his complaints about the Texas home and mortgage.

this error would have led the trial court to award her a disproportionately large share of the marital estate.

We agree with Edward that the trial court erred because it undervalued the Texas home by double-counting the mortgage. Exhibit 1 counts the mortgage on the Texas home in two different places. According to the community-assets section of Exhibit 1, the market value of the home was $146,000 and the home was subject to a $124,983 mortgage. Exhibit 1 lists the net value of the Texas home, $21,017, as a community asset. Therefore, the home's net value as an asset in Exhibit 1 already takes into account the mortgage on the property. In addition, however, Exhibit 1 separately lists the mortgage under community debts.

Ultimately, the trial court assigned to Kathryn the Texas home and its mortgage. However, when the Texas home is properly characterized as a community asset with a market value of about $146,000, it becomes apparent that the trial court awarded a significantly greater share of the marital estate to Kathryn, even assuming that the remaining values in Exhibit 1 and in Kathryn's own brief are correct.[5] Based on the undisputed evidence before us, we conclude that the trial court's division of the marital estate is unequal. Because this unequal division is not supported by evidence

---

[5] In her brief, Kathryn lists what she believes to be the total assets, debts, and net values of the assets that the trial court assigned to each party. Kathryn's figures show that the total net value of the marital estate was $378,351. Assuming her figures are otherwise correct, undervaluing the Texas home by almost $125,000 materially distorted the division of the marital estate.

6

of a reasonable basis, we conclude that the trial court abused its discretion.[6] *See O'Carolan*, 71 S.W.3d at 532. Accordingly, we sustain Edward's second issue.[7]

## CONCLUSION

Having sustained Edward's second issue, we reverse the portion of the trial court's final divorce decree dividing the marital estate and remand this cause to that court for a new determination of a just and right division of the marital estate consistent with this opinion. *See Jacobs v. Jacobs*, 687 S.W.2d 731, 732 (Tex. 1985) ("We hold that a court of appeals must remand the entire community estate for a new division when it finds reversible error which materially affects the trial court's 'just and right' division of the property."); *see also Delancey v. Delancey*, No. 03-10-00240-CV, 2011 WL 677401, at *13 (Tex. App.—Austin Feb. 24, 2011, no pet.) (mem. op.). On remand, the trial court will have a new opportunity to consider the other errors that Edward alleges the court made in its division. We affirm the trial court's final decree in all other respects.

---

[6] To the extent that the trial court merely awarded each party the disputed property and debts in the party's possession or under the party's own name, we also conclude that this is not a reasonable basis that, standing alone, would support an unequal division. *See Wolk v. Wolk*, No. 03-06-00595-CV, 2007 WL 2682173, at *2–3 (Tex. App.—Austin Sept. 12, 2007, no pet.) (mem. op.) (trial court abused its discretion when it "awarded all personal effects, cash, bank accounts and retirement accounts to the party in possession and ordered both parties to pay 'any and all debt' in his or her name" and the court lacked evidence justifying this division).

[7] Because we remand this cause to the trial court for a new division of the marital estate, we need not address Edward's first issue concerning his motion for continuance.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed in Part, Reversed and Remanded in Part

Filed:   June 24, 2015