ACCEPTED
03-13-00692-CV
6083560
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/15/2015 4:04:09 PM
JEFFREY D. KYLE
CLERK

No. 03-13-00692-CV

IN THE

THIRD COURT OF APPEALS

AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/15/2015 4:04:09 PM
JEFFREY D. KYLE
Clerk

Edward Francis Zarnesky, Jr.,
Appellant

v.

Kathryn Christine Zarnesky
n/k/a Kathryn Christine Kyzer,
Appellee

Appealed from the 264th Judicial District Court of Bell County, Texas

Appellee's Motion for Rehearing

APPELLEE REQUESTS ORAL ARGUMENT

Christopher D. Osborn
State Bar No. 24037221
Osborn Law Firm, P.C.
1019 Cecelia St.
Taylor, Texas 76574
512-275-6593
512-309-5317 fax
chris@osbornpc.com

Attorney for Appellee

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . 2

INDEX OF AUTHORITIES . . . . . . . . 2

ISSUES PRESENTED FOR REVIEW . . . . . . 4

STATEMENT OF FACTS . . . . . . . . 4

ARGUMENT . . . . . . . . . . 6

Issue One. The trial court did not abuse its discretion because there were no value findings made or specific requests for same by Appellant which precludes an appellate court from knowing what share of the marital estate either party received.
Issue Two. Appellate costs and attorney's fees were not awarded by the trial court, were not requested in Appellant's brief and should not be awarded on appeal.

PRAYER . . . . . . . . . . 10

CERTIFICATE OF SERVICE . . . . . . . . 11

APPENDIX . . . . . . . . . . 12

# INDEX OF AUTHORITIES

*Choate v. Choate*, No. 13-01-575-CV, 2002 Tex. App. LEXIS 58427 . 8
(Tex. App.-Corpus Christi, Aug. 8, 2002, no pet.) (mem. op.)

*Coleman v. Coleman*, . . . . . . . . . 7-8
No.-09-06-171CV, 2007 Tex. App. LEXIS 4852
(Tex. App.-Beaumont June 21, 2007, no pet.) (mem. op.)

*In re Marriage of C.A.S. and D.P.S.*, . . . . . . . 6
405 S.W.3d 373 (Tex. App.—Dallas 2013, no pet.)

*In re State of Texas*, 159 S.W.3d 203 (Tex. App. – Austin, 2005) . . 9

*Lairsen v. Slutzky*, 80 S.W.3d 121 (Tex.App.-Austin 2002, 209 pet. denied) . 9

*Murff v. Murff*, 615 S.W.2d 696 (Tex. 1981) . . . . . . 6

*Magill v. Magill*, 816 S.W.2d 530 . . . . . . . 8
(Tex. App.-Houston [1st Dist.] 1991, writ denied)

*Mann v. Mann*, 607 S.W.2d 243 (Tex. 1980) . . . . . 6

*Miller v. Miller*, No. 11-08-00255-CV (Tex. App. – Eastland, Nov. 18, 2010) 7

*Neyland v. Raymond*, 324 S.W.3d 646 (Tex. App.—Fort Worth 2010, no pet.) 6-7

*Pennington v. Pennington*, No. 12-09-00212-CV . . . . . 7
(Tex. App. – Tyler, Feb. 28, 2011)

*Pletcher v. Goetz*, 9 S.W.3d 442 (Tex. App.-Fort Worth 1999, pet. denied) . 7

*Sereno v. Sereno*, No. 13-08-00691-CV, . . . . . . 8
(Tex. App.- Corpus Christi, Dec. 30, 2010)

*Siefkas v. Siefkas*, 902 S.W.2d 72 (Tex. App.-El Paso 1995, no pet.) . . 7

*Toles v. Toles*, 45 S.W.3d 252, 266 (Tex. App.–Dallas 2001, pet. denied) . 6

*Vannerson v. Vannerson*, 857 S.W.2d 659 . . . . . . 7-8
(Tex. App.-Houston [1st Dist.] 1993, writ denied)

*Von Hohn v. Von Hohn*, 260 S.W.3d 631 (Tex. App. – Tyler, 2008) . . 7

*Wells v. Wells*, 251 SW 3d 834 (Tex. App. – Eastland, March 27, 2008) . 7

Rules

Rule 33, Texas Rules of Appellate Procedure . . . . . 8

Rule 38.1, Texas Rules of Appellate Procedure . . . . . 9

## ISSUES PRESENTED FOR REVIEW

Appellee, Kathryn Zarnesky (n/k/a Kathryn Kyzer), submits this motion for rehearing in response to the opinion issued by the Court on June 24, 2015, and requests that the Court consider the following issues:

Issue 1: The trial court did not abuse its discretion because there were no value findings made or specific requests for same by Appellant which precludes an appellate court from knowing what share of the marital estate either party received.

Issue 2: Appellate costs and attorney's fees were not awarded by the trial court, were not requested in Appellant's brief and should not be awarded on appeal.

## STATEMENT OF FACTS

The statement of facts presented by Appellant and Appellee previously are accurate, and this brief statement of facts includes only those facts pertinent to Appellee's motion for rehearing. The trial court took into consideration the following factors in making a determination for a just and right division of the community property and debt: (a) Petitioner's Proposed Property Division; (b) Respondent's proposed property division; (c) testimony from Appellee; and (d) testimony from Appellant. (Finding of Fact, ¶ 1 (after paragraph 33)).

The trial court never made any findings of value related to the community estate. The trial court's findings of fact and conclusions of law do not include that the trial court adopted the values proposed by either party. The final decree likewise does not include any statement of values for the vast majority of the estate. Items

4

ranging from personal effects, appliances, savings accounts, 401k plans, were all listed in the final decree of divorce, but these items did not include any actual value findings by the trial court. Even items that were specifically identified by account number, such as multiple Alabama Credit Union accounts, CSC Matched Asset Plan, Lockheed Martin Employee Stock Option Plan, Lockheed Martin Savings Plan (Final Decree, page 3) were identified in the final decree as being awarded to either party, but there was no value finding in either the decree or the findings of fact and conclusions of law.

The trial court did not expressly adopt either party's proposed values, and Appellant failed to specifically request a finding. When the trial court announced its ruling, there were no expressed values linked to the items awarded. Rather, the trial court simply identified various assets and awarded them to either party, but Appellant did not obtain any ruling as to the actual value of the estate. (See Rep. Rec. vol. 2, p. 114– 118). The trial court asked Appellant, "[D]o you have anything you want to say since you're representing yourself as to how you want this property divided?" (Rep. Rec. vol 2, p. 104, lines 8-11). In the several pages of argument that follow, Appellant never the arguments he raises on appeal, nor did he request any value finding.

The trial court expressly ruled that each party should pay their own attorney's fees and no award of appellate attorney's fees was awarded. Appellant did not

request an order on costs or attorney's fees. (See Rep. Rec. vol. 2, p. 118, lines 6-14).

## ARGUMENTS AND AUTHORITIES

**Issue 1: The trial court did not abuse its discretion because there were no value findings made or specific requests for same by Appellant which precludes an appellate court from knowing what share of the marital estate either party received**

A trial court's division of marital property shall not be disturbed absent a clear abuse of discretion by the trial court. *Murff v. Murff*, 615 S.W.2d 696, 698-99 (Tex. 1981). The party attacking the property division bears the heavy burden that the division of property is manifestly unjust. *See Mann v. Mann*, 607 S.W.2d 243, 245. In determining whether the trial court abused its discretion, the entire record should be reviewed to determine if the trial court acted arbitrarily and unreasonably. *Toles v. Toles*, 45 S.W.3d 252, 266 (Tex. App.–Dallas 2001, pet. denied).

Legal and factual sufficiency challenges are not independent grounds for asserting error in the division of property upon divorce, but instead are relevant factors in determining whether the trial court abused its discretion. *See In re Marriage of C.A.S. and D.P.S.*, 405 S.W.3d 373, 383 (Tex. App.—Dallas 2013, no pet.). Appellate courts engage in a two-pronged inquiry to determine whether the trial court abused its discretion: (1) did the trial court have sufficient evidence upon which to exercise its discretion and (2) did the trial court err in its application of that discretion? *Neyland v. Raymond*, 324 S.W.3d 646, 649 (Tex. App.—Fort Worth

2010, no pet.). An appellate court should "**indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion in dividing marital property**." *Miller v. Miller*, No. 11-08-00255-CV (Tex. App. – Eastland, Nov. 18, 2010) (*citing Pletcher v. Goetz*, 9 S.W.3d 442, 446 (Tex. App.-Fort Worth 1999, pet. denied).

A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Von Hohn v. Von Hohn*, 260 S.W.3d 631, 640 (Tex. App. – Tyler, 2008). "**If the trial court does not make any valuation findings, a trial court not know what share of the marital estate either party received**." *Wells v. Wells*, 251 SW 3d 834, 841 (Tex. App. – Eastland, March 27, 2008) (emphasis added); *see also Pennington v. Pennington*, No. 12-09-00212-CV (Tex. App.  – Tyler, Feb. 28, 2011); *see also Siefkas v. Siefkas*, 902 S.W.2d 72, 75 (Tex. App.-El Paso 1995, no pet.) ("Without itemization or even citation to the sources of the values he uses, this Court is unable to adequately assess the values of the divided assets and liabilities, which assessment is a necessary predicate to determining whether the trial court abused its discretion. Because Appellant bears the burden of demonstrating an abuse of discretion, but has failed to provide us the information we require to examine his claim, we overrule [his claims]."); *see also Vannerson v. Vannerson*, 857 S.W.2d 659, 669 (Tex. App.-Houston [1st Dist.] 1993, writ denied); *see also Coleman v. Coleman*, No.-09-06-

171CV, 2007 Tex. App. LEXIS 4852, at *7 (Tex. App.-Beaumont June 21, 2007, no pet.) (mem. op.) ("**Absent asset values and factual findings**, we presume that the trial court properly considered the parties' circumstances and properly exercised its discretion in dividing their property.") (*citing Magill v. Magill*, 816 S.W.2d 530, 534 (Tex. App.-Houston [1st Dist.] 1991, writ denied)); *Choate v. Choate*, No. 13-01-575-CV, 2002 Tex. App. LEXIS 5842, at *7 (Tex. App.-Corpus Christi, Aug. 8, 2002, no pet.) (mem. op.) ("It is virtually impossible, without inventories admitted into evidence **and findings by the court**, for us to ascertain the propriety of appellant's claims.") (internal citations omitted) (emphasis added); *see also Sereno v. Sereno*, No. 13-08-00691-CV (Tex. App.- Corpus Christi, Dec. 30, 2010). Over twenty intermediate appellate court opinions have favorably cited *Wells, Supra*, for the proposition that the onus is on the Appellant to demonstrate a trial court abused its discretion by first requesting, specifically, findings of value of the community estate; absent such a finding, an appellate court should presume the trial court acted within its discretion.

Rule 33(a) of the Texas Rules of Appellate Procedure provides that there must be a record of the preservation of error, and the record must show the complaint was made to the trial court by a timely request, objection or motion. Further, the record must show the complaint stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of

the complaint, unless the specific grounds were apparent from the context. None of the arguments raised by Appellant on appeal were argued at trial before the trial court rendered judgment. Because Appellant failed to specifically request that the trial court adopt values associated with the property awarded, he should not be rewarded on appeal for failing to make these arguments or otherwise be held to a lower standard because he represented himself *pro se* or did not personally appear at the final hearing.

**Issue 2: Appellate costs and attorney's fees were not awarded by the trial court, were not requested in Appellant's brief and should not be awarded on appeal**

The judgment rendered by the appellate court provided that "appellee shall pay all costs relating to this appeal, both in this Court and in the court below." As written, this provision could be viewed as both an award of court costs and attorney's fees arising out of the appeal. Neither Appellant's prayer for relief, nor his brief, include any specific request for attorney's fees or costs related to the appeal.

As stated by Justice Puryear, a failure to request relief by an appellant "waive[s] the issue." *In re State of Texas*, 159 S.W.3d 203 (Tex. App. – Austin, 2005) (dissenting opinion of Justice Puryear) (citing Tex.R.App. P. 38.1 (appellant must present issues presented for appellate review); *Lairsen v. Slutzky*, 80 S.W.3d 121, 130 (Tex.App.-Austin 2002, 209 pet. denied) (party waives issue by its failure to present argument or cite authority). Thus, because this relief was not requested by Appellant, it should not be awarded.

**PRAYER**

For the reasons stated in this motion, Appellee asks the Court to grant this motion for rehearing, withdraw its opinion, affirm the trial court's judgment, and render judgment for Appellee.

Respectfully submitted,

*/s/ Chris Osborn*
Christopher Osborn
State Bar No. 24037221

Osborn Law Firm, P.C.
1019 Cecelia St.
Taylor, TX 76574
512-275-6593
512-309-5317
chris@osbornpc.com

Attorney for Appellee

**CERTIFICATE OF COMPLIANCE**

In accordance with the Texas Rules of Appellate Procedure 9.4, the undersigned attorney of record certifies that this brief contains 14-point typeface for the body of the document, 12-point typeface for footnotes in the brief, and contains 1,444 words as indicated by the word count software, excluding those words identified as exempt from the word count under the rule and was prepared on Microsoft Word.

*/s/ Chris Osborn*
Christopher Osborn

## CERTIFICATE OF SERVICE

I certify that a copy of Appellee's Brief was served on Appellant, Edward Zarnesky, Jr., by and through counsel of record, Christopher Cornish, 404 N. Main St., Belton, TX 254-939-5200,  by fax to 254-939-2121 before 5:00 p.m. local time of the  recipient on this 15th day of July, 2015.

*/s/ Chris Osborn*
Christopher Osborn

# APPENDIX

EXHIBIT 1 – JUDGMENT OF APPELLATE COURT

EXHIBIT 2 – MEMORANDUM OPINION OF APPELLATE COURT

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## JUDGMENT RENDERED JUNE 24, 2015

## NO. 03-13-00692-CV

**Edward Francis Zarnesky, Jr., Appellant**

**v.**

**Kathryn Christine Zarnesky, Appellee**

### APPEAL FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### BEFORE JUSTICES PURYEAR, PEMBERTON, AND FIELD
### AFFIRMED IN PART, REVERSED AND REMANDED IN PART --
### OPINION BY JUSTICE FIELD

This is an appeal from the judgment signed by the trial court on August 28, 2013. Having reviewed the record and the parties' arguments, the Court holds that there was reversible error in the court's judgment. The Court reverses the portion of the judgment that divides the marital estate and remands the case to the trial court for further proceedings consistent with the Court's opinion. The Court affirms the remainder of the trial court's judgment. The appellee shall pay all costs relating to this appeal, both in this Court and in the court below.

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00692-CV

**Edward Francis Zarnesky, Jr., Appellant**

**v.**

**Kathryn Christine Zarnesky, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
## NO. 258,366-D, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Edward Zarnesky appeals a divorce decree signed by the trial court granting a divorce to him and Kathryn Zarnesky and dividing the marital estate.[1]  In his first issue on appeal, Edward argues that the trial court abused its discretion by denying his motion for continuance.  In his second issue, Edward argues that the trial court abused its discretion by ordering a division of the marital estate that was so disproportionate as to be manifestly unjust.  We will reverse the portion of the trial court's decree ordering a division of the marital estate and remand this cause to that court for a new division of the marital estate.

---

[1] For clarity, we will refer to the parties by their first names.

**BACKGROUND**

At the final contested hearing in this case, the trial court directed Kathryn to confer with Edward, who appeared *pro se* by telephone, and prepare a list of agreed community assets and debts. During the court's recess, Kathryn and her attorney discussed the marital estate with Edward using a proposed property division submitted by Edward as a starting point for negotiations. This document purports to list every community asset and debt, the value of the asset or the amount of the debt, and the party to whom Edward proposed that the asset or debt be assigned upon divorce.

According to Kathryn, she and her attorney placed a check mark next to each item about which Kathryn and Edward were in agreement. Kathryn and Edward were largely in agreement about the division of the marital estate. For example, they agreed that upon divorce Kathryn would become the sole owner of a home in Texas, which was community property, while Edward would become the sole owner of a home in Alabama, which was his separate property. However, the couple disagreed about the division of several items, including a large retirement account of Kathryn's. Kathryn and her attorney also added three items to the list of community debts, including the mortgage on the Texas home. This copy of Edward's proposal as altered by Kathryn was admitted as Exhibit 1.

However, as detailed below, Exhibit 1 contained an error. In the table of community assets, the exhibit listed the net value of the Texas home rather than its market value. The exhibit then separately listed the home's mortgage as a community debt. Therefore, Exhibit 1 undervalued the Texas home by erroneously double-counting the mortgage.

The trial court's final decree generally tracked Exhibit 1 and, among other things, awarded the Texas home and the mortgage on the home to Kathryn and awarded each party all retirement accounts in his or her own name. The trial court also issued written findings of fact and conclusions of law, in which the court stated that it considered Exhibit 1 along with three other exhibits and the parties' testimony "in making a determination for a just and right division." After the trial court denied Edward's motion for new trial, this appeal followed.

## DISCUSSION

### *Standard of review*

A trial court must make a just and right division of the marital estate upon divorce. *See* Tex. Fam. Code § 7.001; *Iliff v. Iliff*, 339 S.W.3d 126, 133 (Tex. App.—Austin 2009), *aff'd*, 339 S.W.3d 74 (Tex. 2011). We review a trial court's division of the marital estate for an abuse of discretion. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *Iliff*, 339 S.W.3d at 133. A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or acts without reference to any guiding principle. *See Coburn v. Moreland*, 433 S.W.3d 809, 823 (Tex. App.—Austin 2014, no pet.). The appellant bears the burden "to show from the record that the division was so disproportionate, and thus unfair, that it constitutes an abuse of discretion." *O'Carolan v. Hopper*, 414 S.W.3d 288, 311 (Tex. App.—Austin 2013, no pet.).

3

*Analysis*

In his second issue, Edward contends that the trial court abused its discretion by ordering a division of the marital estate that was so erroneously disproportionate as to be manifestly unjust. We agree.

The mere fact that the trial court made an unequal division of the marital estate does not necessarily mean that the court abused its discretion. *See Eggemeyer v. Eggemeyer*, 535 S.W.2d 425, 428 (Tex. Civ. App.—Austin 1976), *aff'd*, 554 S.W.2d 137 (Tex. 1977); *see also Zinger v. Lacey*, No. 03-97-00812-CV, 1999 WL 143848, at *3 (Tex. App.—Austin Mar. 18, 1999, pet. denied) (not designated for publication); *Zamora v. Zamora*, 611 S.W.2d 660, 662 (Tex. Civ. App.—Corpus Christi 1980, no writ). However, "[t]he trial court's discretion is not unlimited, and there must be some reasonable basis for an unequal division of the property." *O'Carolan v. Hopper*, 71 S.W.3d 529, 532 (Tex. App.—Austin 2002, no pet.); *see Marriage of O'Brien*, 436 S.W.3d 78, 81 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("A disproportionate division must be supported by some reasonable basis."); *Eggemeyer*, 535 S.W.2d at 428 ("An unequal division is permissible if not so disproportionate as to be inequitable, and if the circumstances justify awarding more than one-half to one party.").

Neither party sought an unequal award at trial, and Kathryn does not contend on appeal that a reasonable basis would support an unequal division of the marital estate.[2] Instead, the

---

[2] In an affidavit attached to her petition for divorce, Kathryn asserted that Edward was "emotionally and mentally abusive" toward her and that Edward "had several extra marital affairs" during their marriage. However, in the "Grounds for Divorce" section of her petition, Kathryn stated only that the marriage had become insupportable, *see* Tex. Fam. Code § 6.001, and did not allege cruelty or adultery, *see id.* §§ 6.002–.003. Moreover, Kathryn did not testify at the final hearing

4

parties disagree about whether the trial court actually ordered an unequal division in Kathryn's favor. Kathryn argues that the trial court's division is not unequal because the court's decree assigned her the majority of the community debt along with the majority of the community assets.

In contrast, Edward asserts that the division is unequal and, because there is no evidence of a reasonable basis to support an unequal division, the trial court abused its discretion. Specifically, Edward argues that the trial court undervalued the community assets Kathryn would acquire because it counted the mortgage on the Texas home twice.[3] Kathryn responds that the trial court made a just and right division of the estate giving due regard to the parties' arguments.[4] However, Kathryn does not dispute that if the trial court did erroneously double-count the mortgage,

---

concerning abuse or adultery or argue that these grounds supported an unequal division, and the trial court made no findings of fact or conclusions of law relevant to these issues. Therefore, based on the record before us, we conclude that neither alleged abuse nor alleged adultery could have justified an unequal division by the trial court.

[3] Edward also argues that the trial court erred by: (1) considering as community debt two unsecured credit card debts that Kathryn added to Exhibit 1 without Edward's consent; (2) characterizing the entire joint debt on the Alabama residence as Edward's separate debt; and (3) characterizing a large amount of Kathryn's property as separate property even though Kathryn produced no evidence to defeat the presumption that it was community property. Because we conclude that the trial court's division of the marital estate was unequal and an abuse of discretion without considering these additional items, we need not address these additional alleged errors.

[4] In her brief, Kathryn also suggests that Edward may not have "properly preserved any error related to this issue" because Edward "agreed to the net value of the Texas residence" at the hearing as evidenced by the check mark that Kathryn placed next to the value on Exhibit 1. This suggestion seems to misunderstand Edward's argument, which does not concern the value of the home or the amount of the mortgage, but rather the effect of these amounts on the calculation of Edward's share of the community assets and debts. Moreover, because Edward participated in the final hearing by telephone, it is unclear whether he ever saw and approved the changes that Kathryn and her attorney made by hand to Exhibit 1. We conclude that Edward has preserved his complaints about the Texas home and mortgage.

this error would have led the trial court to award her a disproportionately large share of the marital estate.

We agree with Edward that the trial court erred because it undervalued the Texas home by double-counting the mortgage. Exhibit 1 counts the mortgage on the Texas home in two different places. According to the community-assets section of Exhibit 1, the market value of the home was $146,000 and the home was subject to a $124,983 mortgage. Exhibit 1 lists the net value of the Texas home, $21,017, as a community asset. Therefore, the home's net value as an asset in Exhibit 1 already takes into account the mortgage on the property. In addition, however, Exhibit 1 separately lists the mortgage under community debts.

Ultimately, the trial court assigned to Kathryn the Texas home and its mortgage. However, when the Texas home is properly characterized as a community asset with a market value of about $146,000, it becomes apparent that the trial court awarded a significantly greater share of the marital estate to Kathryn, even assuming that the remaining values in Exhibit 1 and in Kathryn's own brief are correct.[5] Based on the undisputed evidence before us, we conclude that the trial court's division of the marital estate is unequal. Because this unequal division is not supported by evidence

---

[5] In her brief, Kathryn lists what she believes to be the total assets, debts, and net values of the assets that the trial court assigned to each party. Kathryn's figures show that the total net value of the marital estate was $378,351. Assuming her figures are otherwise correct, undervaluing the Texas home by almost $125,000 materially distorted the division of the marital estate.

6

of a reasonable basis, we conclude that the trial court abused its discretion.[6] *See O'Carolan*, 71 S.W.3d at 532. Accordingly, we sustain Edward's second issue.[7]

## CONCLUSION

Having sustained Edward's second issue, we reverse the portion of the trial court's final divorce decree dividing the marital estate and remand this cause to that court for a new determination of a just and right division of the marital estate consistent with this opinion. *See Jacobs v. Jacobs*, 687 S.W.2d 731, 732 (Tex. 1985) ("We hold that a court of appeals must remand the entire community estate for a new division when it finds reversible error which materially affects the trial court's 'just and right' division of the property."); *see also Delancey v. Delancey*, No. 03-10-00240-CV, 2011 WL 677401, at *13 (Tex. App.—Austin Feb. 24, 2011, no pet.) (mem. op.). On remand, the trial court will have a new opportunity to consider the other errors that Edward alleges the court made in its division. We affirm the trial court's final decree in all other respects.

---

[6] To the extent that the trial court merely awarded each party the disputed property and debts in the party's possession or under the party's own name, we also conclude that this is not a reasonable basis that, standing alone, would support an unequal division. *See Wolk v. Wolk*, No. 03-06-00595-CV, 2007 WL 2682173, at *2–3 (Tex. App.—Austin Sept. 12, 2007, no pet.) (mem. op.) (trial court abused its discretion when it "awarded all personal effects, cash, bank accounts and retirement accounts to the party in possession and ordered both parties to pay 'any and all debt' in his or her name" and the court lacked evidence justifying this division).

[7] Because we remand this cause to the trial court for a new division of the marital estate, we need not address Edward's first issue concerning his motion for continuance.

7

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed in Part, Reversed and Remanded in Part

Filed:   June 24, 2015

8